No. 2528.

WHARTON BRANCH ET AL. *v.* W. R. BAKER.

1. LIMITATION.—When the period of limitation has fully run in favor of an adverse possessor of land, it confers title on him which he may assert against the former owner, though his possession ceased after his title by limitation was acquired.

2. PLEADING.—LIMITATION.—A naked trespasser in possession may set up in his defense an outstanding title acquired by a third party by limitation, to defeat an action instituted by one whose title was lost by limitation    Privity of claim or of possession is important only when it becomes necessary to tack the possession of two or more to give adverse possession for the period requisite to perfect limitation.

3. SAME—WARRANTOR.—A warrantor whose deed conveyed no title, when sued by the former owner with his vendee as codefendant, may set up title acquired by limitation by such vendee since the sale.

4. AMBIGUITY—When one who entered under a deed for a less quantity of land than six hundred and forty acres, continues his possession until title is secured under the ten years statute of limitations, the admission of the deed in evidence, which on its face is ambiguous as to the bounds of the land intended to be conveyed, becomes unimportant.

APPEAL from Galveston. Tried below before the Hon. W. H. Stewart.

*John Hancock* and *Wharton Branch,* for appellant: A defendant is not entitled to offer in evidence in support of the plea of limitation a deed under which he does not claim. (Rev. Stats., art. 3199.)

The deed of Pryor Bryan as sheriff of Galveston county was void because of the fact that it did not convey the land as levied on or appraised, but a part thereof, and void for want of description as to any part thereof, and inoperative for purposes of limitation because it did not fix the boundaries of the five hundred and twenty-five acres of the supposed possessor's supposed claim thereunder. (Rev. Stats., art. 3195; Howard v. North, 5 Texas, 312–314.)

Limitation is not available unless it be specially set forth as a defense by any party in possession who is alone entitled to plead it. (Rev. Stats., art. 3220.)

Where a party occupying a part of a tract of land the boundaries of which are contained in an instrument duly registered, sells the part enclosed and moves off, they go out of possession as to the whole tract. (Cunningham v. Frantzen, 26 Texas, 37–42.)

Baker could not claim any occupancy of the ground as strengthening his title so as to protect him against his warranty until after the commencement of the running of the statute of limitation after the issuing of his patent and the taking of possession under his conveyance. (Rev. Stats., art. 3215; Satterwhite v. Rosser, 61 Texas, 172; Wood v. Welder, 42 Texas, 409; Ledyard v. Brown, 27 Texas, 405; Chandler v. Rushing, 38 Texas, 595, 596.)

The deed is void because of uncertainty and because the six hundred and forty acres levied on was not sold, but five hundred and twenty-five acres thereof. (Howard v. North, 5 Texas, 313–315; Booth v. Upshur, 26 Texas, 67; Wood v. Welder, 42 Texas, 409, 410.)

The court erred in refusing to charge the jury that the defendant, W. R. Baker, was not in privity with the title to John R. Williams or those claiming thereunder, and could not avail himself under his plea of limitation of any possession of the land under the John R. Williams title. (Mason v. McLaughlin, 16 Texas, 29; Pearson v. Burditt, 26 Texas, 173; Neill v. Cody, 26 Texas, 291; Robertson v. Pickerell, U. S. Sup. Ct. Rep., Law Ed., book 27, p. 1052; Christy v. Alford, 17 Howard, 603; Clark v. Courtney, 5 Peters, 318, 354, 401, 447; Dotson v. Moss, 58 Texas, 155, 156; Trueheart v. McMichael, 46 Texas, 222–228; Word v. Drouthett, 44 Texas, 370, 371; U. S. Sup. Ct. Rep., Law Ed., book 15, p. 826; Robertson v. Wood, 15 Texas, 6; Wheeler v. Styles, 28 Texas, 243, 244; Rogers v. Daily, 46 Texas, 583; Palmer v. Chandler, 47 Texas, 334, 335.)

*Goldthwaite & Ewing*, for appellee: Appellee, as a warrantor, had the right to show that Coward acquired title by limitation as effectually as defendant Marrast could have done. Title perfected by limitation under the ten years statute then in force, became vested to all purposes, aggressive and defensive, and the right thus acquired by the possessor equivalent to an absolute title by deed. (Rev. Stats., art. 4788; Hendricks v. Snediker, 30 Texas, 307; Charle v. Saffold, 13 Texas, 111; Pas-

'chal's Digest, art. 4624, and note 1033; Trins v. McPherson, 7 Caldw., Tenn., 15; Hale v. Gladfelder, 52 Ill., 91; Warfield v. Lindell, 32 Mo., 561.)

Aside from the sheriff's deed, Coward's adverse possession without any inclosure extended to six hundred and forty acres, including improvements. The sheriff's deed was beneficial to Branch in furnishing evidence which, with the testimony of Coward, limited the adverse possession to five hundred and twenty-five acres. (Paschal's Digest, art. 4624; Wofford v. McKinna, 23 Texas, 46; Smith v. Garza, 15 Texas, 153, 158; Charle v. Saffold, 13 Texas, 111.)

It is only where the true owner is in actual possession of some part of the tract, that a trespasser's possession is necessarily limited to his actual inclosure. (Evitts v. Rath, 61 Texas, 84; Frisby v. Withers, 61 Texas, 135; Hunnicutt v. Peyton, 102 U. S., 333.)

STAYTON, CHIEF JUSTICE. This action was brought by appellant against William R. Baker and H. E. Marrast, to recover all that part of a league of land originally granted to John B. Williams on July 29, 1824, situated on and below Clear creek, except fourteen hundred and forty acres which were not claimed by appellant. The Williams league is the same mentioned in the case of Westrope v. Chambers, 51 Texas, 178, which was by the ayuntamiento declared forfeited for failure of the grantee to comply with the conditions of the grant.

The appellant Branch deraigns title through that grant, but as there is no appeal by the defendants from so much of the judgment as gave him a part of the land sued for, it will not be necessary to consider the effect of the act confirming titles in the colonies of Austin and DeWitt. (General Laws, 1859, 59.)

The title of Williams to the league passed to H. H. League, who conveyed to Thomas J. Chambers. Chambers conveyed to Wilson six hundred and forty acres out of the southeast corner of the league, and he conveyed to Westrope eight hundred acres, which extended from the land conveyed to Wilson across the southern part of the league. Branch sought to recover all the land below Clear creek, and embraced in the league, not covered by the conveyances made by Chambers to Wilson and Westrope. The defendant Baker, believing the league vacant land, located it, and procured a patent, which,

for reasons given in Westrope v. Chambers, 51 Texas, 187, was held invalid. Branch deraigns title through Chambers.

An execution, issued under a judgment against Chambers and another, was levied on six hundred and forty acres of the land lying between the land sold to Wilson and Clear creek, that stream being its upper boundary. The land was sold by the sheriff, who made a deed to Allan Coward, the purchaser, for five hundred and twenty-five acres, or for all levied upon. There were irregularities, however, in making the sale, which the court below seems to have concluded would prevent the sheriff's deed from passing title, and in view of the disposition that will have to be made of the case, on other grounds, it will not be necessary to consider that question.

Coward entered into the possession of the land bought by him in September, 1848, and continuously occupied it until in January, 1867, and during this time he had much of the land bought by him inclosed and in cultivation. The land claimed by him and that sold by Chambers to Wilson extended from Clear creek to the southern boundary of the league, and embraced eleven hundred and sixty-five acres that covered the southeastern side of the grant below Clear creek. Baker obtained a patent to the league September 26, 1863, and it being understood at the time that his title was good. Coward bought from him one thousand acres of the land, which would embrace enough of the land conveyed by Chambers to Wilson and by the sheriff to Coward to give that area in one body of equal width extending from Clear creek along the southeastern line of the grant to its lower line.

The conveyance from Baker to Coward was made in 1865, and in consideration of three thousand five hundred dollars. Coward conveyed the same land to E. C. Waters on July 10, 1872, for a like consideration. The deeds from Baker to Coward, and from the latter to Waters, contained covenants of general warranty. Mrs. Marrast claims as devisee under the will of Mrs. E. C. Waters, and as purchaser from another devisee. She pleaded not guilty, and sought a recovery against the co-defendant, Baker, on his warranty, and declined to urge her rights under a plea of limitation.

The defendant, Baker, among other defenses set up by him to the demand of the plaintiff, as well as to that made on him by reason of his warranty, pleaded that the title of Mrs. Mar-

rast to all the land claimed by the plaintiff, and covered by his own deed to Coward was complete by limitation, that she had not been and could not be legally evicted therefrom. There was a judgment for the appellant for all the land he sued for except so much thereof as was covered by the deed from Baker to Coward.

The appellant sought to remove cloud from his title, but as he did not show that he was in possession the court ruled that he could not maintain a suit of that character. The petition contained the averments necessary to try title to land, and an issue of that kind was tried, and it therefore becomes unnecessary to consider such of the assignments of error as relate to the ruling of the court referred to.

Whether the action was one in form strictly trespass to try title or a suit to remove cloud, in either case no relief could be given to the plaintiff unless he showed that he had title to the land.

It is urged that defendant Baker was not entitled to interpose the plea of limitation for several reasons:

1. Because neither he nor one claiming through him was in possession at the time the action was brought. We understand that if the period of limitation has fully run while there is adverse possession of land that this gives title to the adverse possessor, which he may assert against the former owner although he has ceased, after title was so acquired, to continue in possession.

2. It is urged that unless Coward's possession was under the title conveyed to him by Baker, that the latter can not urge title acquired by Coward through limitation, either against Branch or to protect himself from the claim made on him by Mrs. Marrast on account of his warranty.

We are of opinion that neither of these propositions can be maintained. If Baker had never had any claim under the patent issued to himself to the land so long occupied by Coward, but without color of right asserted a claim or held possession as a naked trespasser, in an action brought against him by Branch it would be a competent defense to him to show a superior outstanding title in a third person. Whether the title of such third person was acquired by a regular chain of transfer to himself from the sovereignty of the soil, or through an adverse possession for the period and under such circumstances as deprived a former owner of title and cast it upon the adverse

possessor, it would seem would be a matter unimportant. In either case there would be a superior outstanding title that would bar a recovery. Privity of claim or holding is important when it becomes necessary to tack the possession of two or more to give adverse possession for the requisite period.

The settlement between Coward and Baker, however, seems to have been in the nature of a compromise, all parties at the time believing that Baker held the superior and only title to the land; and were not the true rule so broad as we have stated it, we can not doubt that in an action brought against Coward or his immediate or remote vendee, that it would be the duty of such a defendant to assert title by limitation, and if he refused to do so, that this might be done by Baker for his own protection. Such a right could not be defeated by collusion between the plaintiff and a defendant holding under warranty from Baker, nor by an obstinate or mistaken refusal of such a defendant to present a defense perfect in his hands.

3. It was the right of Baker to show that Mrs. Marrast, who would enforce his warranty, had the superior right to the land, that she had not been, and could not legally be, evicted under the title asserted by the appellant Branch. She held under Coward as well as Baker, both of whom had conveyed with general warranty, and it was her duty to make the defensse either or both of them could make, and, if she failed or refused to do so, either of them had the right. It was a matter of indifference to Mrs. Marrast whether her title became perfect through the act of her immediate vendor, Coward, or through the act or title of Baker. If Coward had title by limitation to as much as five hundred and twenty acres of the land covered by the deed from Baker to Coward, then Mrs. Marrast has good and superior title to that, and she has, in so far, no ground of complaint.

The residue of the land covered by the deed from Baker to Coward and by the deed of the latter to Mrs. Walters is embraced within the six hundred and forty acres conveyed by Chambers to Wilson, to which the appellant Branch does not assert any claim.

It is not shown that any other person asserts, or intends to assert, the right Wilson or persons claiming under him may have, and it does appear that Mrs. Walters took possession under the deed made to her by Coward, and this held from the year 1872 to the year 1876, when she parted with title to so much

of the land covered by the deed from Coward as had improvements on it. Mrs. Marrast does not even allege the existence of a title superior to that which passed by the deed from Baker to Coward, and from the latter to Mrs. Walters, to any part of the land covered thereby, nor does she seek a recovery on the warranty of Coward. As to the land covered by the deed from Chambers to Wilson, the pleadings and facts proved would not have authorized a recovery by Mrs. Marrast on Baker's warranty. (Jones v. Paul, 59 Texas, 45.)

What has been said renders it unnecessary further to consider objections made to evidence introduced by Baker to prove the length of time Coward and those claiming under him held adverse possession; for the objections went to the right of Baker to introduce such evidence at all.

It also becomes unnecessary further to consider the refusal of the court to give instructions which would have restricted Baker in showing limitation to possession taken and held solely under the patent to himself. The court instructed the jury as follows: "I charge you that the judgment against Chambers was a valid judgment, and if Coward became the purchaser at sheriff's sale and paid the purchase money and received of the sheriff the deed read to you in evidence, and went into possession of the land and cultivated and occupied the same for ten consecutive years prior to the year 1861, claiming the same under said sheriff's deed by metes and bounds, then Coward acquired a valid title to the said five hundred and twenty-five acres, and his deed to Mrs. Waters for one thousand acres vested her with good title to so much of the one thousand acre tract as may embrace the five hundred and twenty-five acre tract, and consequently there could be no recovery thereof by Branch, and no damages could be awarded to Marrast by reason of any alleged breach of warranty as to the five hundred and twenty-five acres, and thus, if you believe from the evidence under the charge of the court that the whole one thousand acre tract conveyed by Baker to Coward, and by Coward to Mrs. Waters, is covered by the said two tracts of five hundred and twenty-five and six hundred and forty acres, Pollock Wilson tract, then the plaintiff Branch can not recover any part of the one thousand acre tract conveyed by Baker to Coward, and by Coward to Mrs. Waters, and would require the verdict to be for the defendants Baker and Marrast as to said one thousand acre tract, and for Branch for the balance of the land claimed by him in his petition."

It will be seen from this charge that the court did not hold that the deed made by the sheriff to Coward in 1848 passed title, but did hold that it might be used to determine extent of adverse possession.   There were many objections made to the introduction of that deed, which it would be unnecessary to consider if the deed had been admitted to show that title passed by it; but such was not the purpose for which it was admitted, and it is therefore not necessary to consider such objections.

It is urged, however, that the deed did not sufficiently describe the land which it proposed to convey to justify its admission for any purpose, and that the court should not have assumed, in the charge set out, that it would define the extent of the adverse possession held by Coward.   The deed from the sheriff shows that the sheriff levied upon land described as follows: "Six hundred and forty acres of land, situated on the south side of Clear creek, in the county aforesaid (Galveston), the same being a portion of the head right of John B. Williams, beginning at the lower line of said survey and fronting three-fourths of a mile on said Clear creek; thence back; parallel with the lower line of said survey a sufficient distance to embrace six hundred and forty acres of land; thence at a right angle to said lower line; thence northward to the place of beginning."   The deed, after reciting that the land was appraised and other necessary steps taken, conveys "all the right, title and interest that the aforesaid defendants (who are named), or either of them, had in and to the above described tract of land, or five hundred and twenty-five acres thereof."

There was an ambiguity in the deed, but, taken in connection with the other evidence in the case, we are of the opinion that no possible injury could have resulted from the charge given; for the possession of Coward was such as, without deed, would have entitled him, under the law then in force, to hold by limitation six hundred and forty acres of land to include his improvements, which for some time seem to have extended over five hundred and twenty-five acres of the land.   If he was not to be restricted by the deed as to the area he could hold, because it was too uncertain, then there would be no reason to deny his right to hold to the extent of six hundred and forty acres.

The charge operated as a restriction; when, if the appellant's views be correct, no restriction on the right of Coward to hold to the extent of six hundred and forty acres should have been imposed.   If five hundred and twenty-five acres embraced

the land covered by the deed from Baker to Coward·not covered by the six hundred and forty conveyed by Chambers to Wilson, these six hundred and forty acres, embracing the same five hundred and twenty-five acres, would have necessarily done so.

All the assignments of error have been considered, and the questions noticed are those material to the determination of the rights of the parties; and, none of them having been erroneously determined by the court below, the judgment will be affirmed.

It is so ordered.

*Affirmed.*