Hugh M. Johnson v. W. M. Simpson et al.

Decided December 20, 1899.

1. **Name—Identity—Mistake in Record.**

A certified copy of record of a deed is admissible as evidence of conveyance to W. W. Leland, though the name is spelled "Leband" in the record of the body of the instrument, where the index and the indorsed notation of the names of parties as shown by the margin of the record show the grantee to be Leland, and the record shows numerous mistakes in spelling.

2. **Limitation—Land—Ten Years Possession of Part—Change of Law.**

Ten years adverse possession of a part of a survey of 320 acres, completed prior to the adoption of the Revised Statutes of 1879, gave title to the entire survey as against the true owner not in possession, under the law then existing; which title was not affected by the change introduced by the revision limiting the right so acquired to 160 acres. Simpson v. Johnson, 92 Texas, 159.

3. **Limitation—Privity of Possession—Parol Sale.**

Parol sale of land is sufficient to establish privity of possession between occupants of land whose possession has not yet matured into title, and thus support claim of title by ten years limitation.

Appeal from McLennan. Tried below before Hon. S. R. Scott.

The following statement of the facts bearing on the record of the deed held to be correctly admitted as a conveyance from E. S. Merritt to W. W. Leland, is taken from the brief of appellant:

The certificate of the clerk to the copy of the deed is that it was a correct and true and exact transcript of a deed from "E. S. Merritt, by attorney, to W. W. Leland." Deed recorded January 3, 1860. In the body of the deed the name is written Wm. W. Leband, and the grantee's name occurs but once in the instrument. On the left hand of the margin of the record of said deed, at the beginning of the same, these words are written: "E. S. Merritt, by attorney, to Wm. W. Leland." The deed book containing the record of the deed shows that all deeds therein have a like marginal reference to the names of the grantors and grantees. The handwriting of this marginal entry appears to be in a different handwriting from the deed record, but was apparently made at the same time. The original index of deeds kept in the clerk's office shows the same entry as the marginal entry above referred to, namely, "E. S. Merritt, by attorney, to Wm. W. Leland." It was admitted in evidence that the name "Leband" nowhere appeared on the indexes of deed records in the clerk's office. The objections made by the defendants to the introduction of the deed in evidence were two: (1) Because the same shows on its face that it is a copy of a deed to W. W. Leband, and not to W. W. Leland; (2) because it shows on its face that it was signed Edward S. Merritt, B. P. S. Merritt, and not by P. G. Merritt, attorney in fact for Edward S. Merritt, though it was acknowledged by the said P. G. Merritt, as attorney in fact of Edward S. Merritt.

The following spelling of words appears in the record and copy of said deed: The word "enventory" at beginning of deed. City is spelled "ctuy," fourth line from beginning; a fork of the Bosque is spelled

"forke" in eleventh line of deed. The acknowledgment to the deed was taken by a commissioner of deeds in the city and State of New York. The commissioner's name, at the beginning of the certificate of acknowledgment, is written Edwin F. "Carey." In the signature to the certificate it is written Edwin F. "Carvey." In the body of the certificate the commissioner's title is written properly "commissioner;" at the end of the certificate it is written "comnearer." In the body of the certificate the word voluntary is written two different ways—once "volatary," in another place "valontery."

This deed is dated November 30, 1859, and was filed for record and recorded the 3d day of January, 1860. Three days afterwards, January 6, 1860, W. W. Leland conveyed the land in controversy, by deed dated January 6, 1860, to William Wilkerson, which deed was acknowledged same day before a notary in Bexar County, Texas.

Hugh M. Johnson, plaintiff, testified that the original deed had never been in his possession—that he did not know where it was or whether it was in existence—that he had never searched for it, for he didn't know where to search. That the copy offered in evidence came into his hands from the executors of his uncle's estate, who gave him that, with other deeds, to the land in controversy, when he became the owner of the land under his uncle's will. The power of attorney from E. S. Merritt to sell the land was to P. G. Merritt. The deed was signed "Edward S. Merritt, B. P. S. Merritt, Atty."

*L. C. Alexander, Jas. I. Moore,* and *Chas. A. Jennings,* for appellant.

*D. A. Kelley,* for appellees.

FISHER, CHIEF JUSTICE.—This is an action of trespass to try title by appellant Johnson against the appellees. The trial court found in favor of the appellees by virtue of actual adverse possession of the land in controversy under the ten years statute of limitation. The history of the case, together with a statement of appellant's title, is fully set out in the opinion of this court on the former appeal of the case, reported in 44 Southwestern Reporter, 1076.

The title of the plaintiff there stated we find to be established by the evidence in the record before us; and in this connection we take occasion to say, in reply to appellee's cross-assignment of error, that we think the action of the court on the identity of Leband with Leland was correct.

We find, as facts shown by the record, that one C. M. Hubby sold the land in controversy, which is 320 acres, in 1858, to J. C. Johnson, who immediately took possession, and lived upon the land and built a house upon it, and cultivated a small portion of the tract; and that he continued in possession until he sold to J. S. Sears, in 1860, who took possession of it; and that he continued in actual occupancy of the house by tenants, and that he also put in cultivation and inclosed about five

acres of the land, and used the same until 1866, when he sold to William Fellows, who then took possession and remained in actual occupancy about a year, when the same was left in possession of his tenants, who continued in possession until the land was sold at bankrupt sale of the estate of William Fellows to William Bonner, in the early 70's. Bonner then took and held actual possession by tenants, which has been continued and held in actual possession by the tenants of the real plaintiff herein, Lelia Dyer, who holds as an heir of Bonner, up to the filing of this action.

The facts on the question of possession, as stated, are similar to the facts found by this court when the case was formerly before us, which are fully stated in the opinion of the Supreme Court in 92 Texas, 159. That court held that the facts were sufficient to entitle appellees to the benefit of the ten years statute of limitation, and as the survey in question was only 320 acres, it could all be recovered by virtue of the actual adverse possession of a part of it. This for the reason that the ten years possession had accrued prior to the adoption of the Revised Statutes of 1879, when the law previous to that time conferred upon one in actual possession 640 acres. The facts in the record clearly show that commencing from the time that Johnson took possession in 1858, the land in controversy has been in actual adverse possession of Johnson and those that claim under him up to the filing of suit by appellant, and, not computing the time when the statutes were suspended, there were more than ten years of such possession prior to the change in the law in 1879. When that law went into effect, the title was complete by limitation, independent of the deed offered in evidence connecting and tracing possession back to and under Johnson down to the appellees.

There is parol evidence establishing the privity of possession from Johnson down to the appellee Mrs. Dyer, the real owner of the land, who holds as heir of William Bonner. Therefore, if the court, for the reasons stated by appellant, committed error, which question it is not necessary to decide, in admitting deeds from Johnson down to Bonner conveying the land in question, the judgment nevertheless can be maintained upon the parol evidence establishing the facts found by us, connecting possession by Bonner and those under whom he claims with the possession of Johnson.

It has been held by our Supreme Court in the case of Bledsoe v. Cains, 10 Texas, 455, and Hickman v. Withers, 83 Texas, 578, that a pre-emption or homestead claim in its inchoate state, that is, before the expiration of the three years occupancy required by law which was necessary to perfect title, could be transferred by a parol sale. If in such case a parol transfer is recognized as valid as sufficient to establish a privity of title between the original occupant and his vendee, we see no reason why a like rule should not apply when the purpose is simply to establish a privity of possession between occupants under the ten years statute, when such parol sale occurs before the ten years posses-

sion had matured into a title to the land. The sale to Bonner, under whom the appellee Mrs. Dyer claims by inheritance, accrued, according to the evidence of the witnesses, in the early 70's. Therefore the title had not matured. It is true that for all the time which we hold that the statute was running prior to 1879, Johnson and those claiming possession under him did not have in actual use and cultivation the entire 320 acres, but only a small part thereof; but this would not affect the right of the appellees to recover the entire 320 acres, because it being a quantity less than they were entitled to recover under the ten years statute by virtue of their naked adverse possession, and actual possession of a part of the survey would entitle them to claim to the extent of the number of acres conferred upon the possessor under the ten years statute. Pearson v. Boyd, 62 Texas, 544; Craig v. Cartwright, 65 Texas, 422.

These views, together with the facts found, are decisive of the case; therefore it is not necessary that we should rule upon the questions raised by the assignments of errors.

*Affirmed.*

The judgment is affirmed.

### ON MOTION FOR REHEARING.

FISHER, CHIEF JUSTICE.—The trial court found that Sears was in possession of the premises for a part of the time by tenants. In our opinion, we followed this finding of the court. If the trial court and we were in error in this conclusion, it could not affect the judgment of the trial court and this court, because there is evidence in the record which shows that Sears remained in possession until he sold the land in controversy to Fellows. With this conclusion, we adhere to the former disposition made of the case.

We have given careful consideration to the other questions presented in the motion for rehearing, and find no reversible error.

*Motion overruled.*

Writ of error refused.