## TATE v. WAGGONER.

(Court of Civil Appeals of Texas. Amarillo. June 1, 1912. Rehearing Denied June 29, 1912.)

1. LIMITATION OF ACTIONS (§ 85*)—SUSPENSION—NONRESIDENCE.

Sayles' Ann. Civ. St. 1897, art. 3367, provides that, if any person shall be without the state when an action accrues against him, or at any time during which the same might have been maintained, the time of his absence shall not be counted as a part of the time limited. *Held*, that the operation of limitations as to an action to try title, as well as to personal actions, is suspended during the absence of the defendant from the state.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 449–455; Dec. Dig. § 85.*]

2. ADVERSE POSSESSION (§ 109*)—LIMITATIONS —EXPIRATION.

Where the statute of limitations has been complied with, with reference to possession of real property, for 10 consecutive years at any time, title matured as a result thereof; and a failure to thereafter comply with any of the provisions of the statute would not affect the title previously matured.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 629–635; Dec. Dig. § 109.*]

3. ADVERSE POSSESSION (§ 109*)—TITLE ACQUIRED.

Where defendant and those under whom he claimed had been in peaceable adverse possession of lands, under claim of ownership, for 10 consecutive years, statements made thereafter by defendant or those under whom he claimed, tending to show that during the period of their claim and possession they did not assert such claim to the lands as would be necessary to mature title, would not deprive defendant of his title to the land.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 629–635; Dec. Dig. § 109.*]

Appeal from District Court, Wilbarger County; S. P. Huff, Judge.

Trespass to try title by W. T. Waggoner against T. C. Tate. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Harry Mason and Shirley Cook, both of Vernon, and Chandler & Pannill, of Stephenville, for appellant. George E. Miller, of Ft. Worth, for appellee.

GRAHAM, C. J. This suit originated in the district court of Wilbarger county on January 24, 1910, by appellee, W. T. Waggoner, suing appellant, T. C. Tate, in trespass to try title for certain lands fully described in the pleadings and lying partly in Wichita and partly in Wilbarger counties.

Among other defenses, appellant pleaded below the 10-year statute of limitations, and sought to recover a portion of the lands sued upon under that statute; whereupon appellee pleaded an absence from the state by appellant and those under whom he claims for such length of time as to prevent the statute of limitations working a bar to his recovery. The record tends to show a right by appellee

to recover the land sued for, unless the statute of limitations pleaded by appellant prevents such recovery to the lands claimed by appellant under said plea.

Appellee having recovered the lands sued for by him before a jury in the trial below, appellant brings the case before this court on appeal, and submits his case in this court on numerous assignments of error; but, as we have concluded that the cause must be reversed because of the errors discussed below, and because many of the assignments are based on rulings of the trial court which will not likely arise on another trial, we have concluded to discuss only such of the assignments as will clearly indicate our view of the law of the case, overruling all others as being immaterial to a proper disposition of this appeal.

Appellant's claim to a recovery of the lands described in his answer is based on substantially the following contention, as disclosed by the pleadings and the evidence, found in the record: That in May, 1889, one W. C. Jones made, a proper application to the state of Texas to purchase, and was awarded by the state, the fractional survey No. 4, M. M. McLaren, certificate No. 1263, state school lands. That during the summer of the same year said W. C. Jones, by proper conveyance in writing, conveyed to one N. A. Willard all his rights acquired from the state to said lands; and that under said last conveyance said Willard executed and delivered to the state his proper obligations for said lands, and at once went into possession thereof under his conveyance, and during the fall or winter of 1889 inclosed said lands, together with the lands in controversy, and at once began the use and enjoyment of all the lands so inclosed as his own, and continued to so use and enjoy them in person and through tenants until the spring of the year 1898, when he in turn sold by written conveyance, and delivered to one J. D. Sellers, the land he had purchased from Jones. From the time Willard bought the lands until he sold them to Sellers, he resided in and was a citizen of Texas. Under his purchase from Willard, Sellers immediately went into possession of all the lands so inclosed, and held, used, and enjoyed and occupied the same, through tenants, until the spring of 1905, when he in turn sold the lands purchased from Willard to T. C. Tate, the appellant. At the time Sellers purchased the land, he was a citizen of and resided in Texas, and continued to be such resident citizen of Texas until during the fall of 1898, when he permanently removed from the state of Texas to the then territory of Oklahoma, where he resided for many years, and where he resided when he sold the land to Tate, though some years thereafter he removed from Oklahoma to New Mexico, where he has since resided, and where he was residing at the

time of the trial of this cause in the court below. That appellant, under his purchase from Sellers, at once went into possession of all the lands inclosed, as above indicated, and from that time to the time of the trial below continued his said occupancy and possession in person, or through tenants, during said time, using, enjoying, or cultivating all of the lands in said inclosure, and that during all of said time he resided in and was a citizen of Texas.

Appellee, through his evidence, while apparently not questioning the possession of appellant and those under whom he claims, as above indicated, contends that said possession was not taken and held under a claim of ownership, such as is necessary to mature a title under the 10-year statute of limitations. In other words, there seems from the record to be no question of the occupancy of the appellant and those under whom he claims, either in person or through tenants, of the lands claimed by appellant through his plea of limitation since the lands were inclosed in the fall of 1889; but appellee contends that this evidence raises an issue as to whether or not said occupancy was under a claim of right and ownership of such a nature and for such a time as to mature a title under the statute of 10 years' limitations.

[1] From the foregoing statement, it will be seen that, prior to the time Sellers removed permanently from the state of Texas, a title was not matured under the 10-year statute of limitations to the lands claimed by appellant. Article 3367, Sayles' Annotated Civil Statutes, is as follows: "If any person against whom there shall be cause of action shall be without the limits of this state at the time of the accruing of such action or at any time during which the same might have been maintained, the person entitled to such action shall be at liberty to bring the same against such person after his return to the state, and the time of such person's absence shall not be counted or taken as a part of the time limited by any of the provisions of this title." In the case of Ayres v. Henderson, 9 Tex. 539, our Supreme Court, speaking through Chief Justice Hemphill, held that under the statute above copied the operation of our statutes of limitations as to personal actions was suspended during the absence of the debtor from the state, whether he was only temporarily absent, and at the same time retaining his residence in the state, or had permanently removed from the state, and in disposing of the question uses this language: "There is no exception in the words of the law, and we are not authorized to admit of any not provided for or intended by the legislative authorities." In the case of Huff et al. v. Crawford et al., 88 Tex. 368, 30 S. W. 546, 31 S. W. 614, 53 Am. St. Rep. 763, our Supreme Court, speaking through Chief Justice Gaines, held that the article of the statute, above quoted, applied to actions for land, as well as to personal actions, and cited many decisions of the courts from other states, showing that similar statutes in other states had been so construed.

In the case of Wilson et al. v. Daggett et al., 88 Tex. 375, 31 S. W. 618, 53 Am. St. Rep. 766, our Supreme Court held, speaking through Chief Justice Gaines, that the statute, above copied, applied to a nonresident, as well as to a resident, of this state, and in so doing used this language: "Merely because it may be predicated of one who had crossed the line of the state that he may 'return' to the state, to hold that the provision applies to him, when it is not held to apply to one who has never been within its limits, is to draw a distinction too arbitrary for us to believe that the Legislature ever intended it."

In the case of Huff et al. v. Crawford et al., 88 Tex. 368, 30 S. W. 546, 31 S. W. 614, 53 Am. St. Rep. 763, our Supreme Court, speaking through Chief Justice Gaines, on motion for rehearing, held that under the article, above quoted, our limitation statutes would not run in favor of one during the time of his absence from the state, though he retained possession of the land during his absence through or by tenant; and the same holding is made by our Court of Civil Appeals for the Fifth district, in the cases of Bemis v. Ward, 37 Tex. Civ. App. 481, 84 S. W. 291, and Beale's Heirs et al. v. Johnson et al., 45 Tex. Civ. App. 119, 99 S. W. 1045, and a writ of error was refused by our Supreme Court in both cases.

[2] Under proper assignments of error, appellant complains that the trial court erred in that portion of paragraph 4 of his charge, wherein he directed the jury in effect that for appellant to recover he must show a compliance with our limitation statutes by himself and those under whom he claims for 10 consecutive years next before the filing of the suit, and in failing to give appellant's special charge No. 1, as requested, which authorized a recovery by appellant, if he and those under whom he claimed had complied with the requirements of our limitation statutes for 10 years, at any time, through the individual or successive occupancy of appellant and those under whom he claims.

It is certainly the law that, if the statute of limitations had been complied with for 10 consecutive years at any time, title matured as a result thereof, and a failure to thereafter comply with any of the provisions of the statute of limitations would not affect the title thus matured; and a failure to occupy thereafter would no more affect such title than a failure to occupy would affect a title of one claiming under a deed duly executed and recorded. Branch v. Baker et al., 70 Tex. 190, 7 S. W. 808; Johnson v. Simpson et al., 22 Tex. Civ. App. 290, 54 S. W. 308.

As there is evidence found in the record

from which a jury could properly have found that more than 10 consecutive years' occupancy and claim, in accordance with the provisions of the statute, had elapsed, without extending to the time of the filing of the suit, and as some issue was made as to the nature of Tate's claim of ownership and possession during the latter portion of the period before the filing of the suit, the error complained of was necessarily harmful to appellant's rights under the law, and the cause must be reversed because of the errors complained of.

[3] Under appellant's tenth assignment, complaint is made that the trial court erred in failing to give special charge No. 5, as requested by him, to the effect that, if the jury believed from the evidence that the defendant and those under whom he claimed had been in peaceable and adverse possession of the lands, using, enjoying, and cultivating them, under a claim of ownership, for 10 consecutive years, in accordance with the provisions of the statutes, no statements made thereafter by appellant or those under whom he claims, tending to show that during the period of their claim and possession, respectively, they did not assert such claim to the lands as would be necessary to mature a title, would have the effect of depriving appellant of his right to the land by virtue of the 10-year possession, if there was such, in accordance with the terms of the statute.

As there was evidence introduced by appellee during the trial below, tending to show that after the 10 years' possession had been had by appellant and those under whom he claims, and the evidence also tends to show that appellant and those under whom he claims had made statements to the effect that during said 10-year period, or some portion thereof, they, or some one of them, did not claim the land in controversy, and as there was an issue made on the trial below as to the nature of the claim of appellant and those under whom he claims, and the trial court in his main charge failed to cover this issue, we think some such charge as was sought to be submitted in the special charge requested should have been given. Whittaker et ux. v. Thayer et al., 123 S. W. 1127.

Under various assignments of error, appellant complains that the trial court, over his objections, permitted introduced as evidence to the jury certain tax renditions, deeds of trust, and deeds which had been executed, either by appellant, or those under whom he claims, in none of which were the lands in controversy mentioned. While we do not believe that such evidence was admissible as primary evidence, for the reason that, if said instruments were executed before a title had been acquired by the statute of limitation, no such ownership in the property existed as would have warranted its being rendered for taxes, or as would have warranted it being mentioned in the deed or deeds of trust, and if said instruments were executed after the title had been matured by limitation, if one was matured, the failure to render the property for taxes, or to include it in a deed or deeds of trust, would not tend to show a want of a claim of ownership thereto. But, as appellant and each of those under whom he claims testified as witnesses on the trial of this case to the effect that they and each of them claimed the lands during the time they respectively occupied the same, we are not absolutely sure that the evidence complained of was not admissible as bearing upon the weight that should be given the testimony of said witnesses, respectively.

Believing that upon another trial there will be no occasion for the alleged errors complained of in appellant's other assignments of error, not discussed herein, to arise, we overrule the same as being immaterial to the disposition of this appeal.

Because of the errors indicated, the cause will be reversed and remanded; and it is so ordered.