## SLAUGHTER v. CROSBY et al. (No. 2732.)

(Court of Civil Appeals of Texas. Amarillo. Dec. 1, 1926. Rehearing Denied Jan. 12, 1927.)

**1. Judgment ☞584—Matter is not res judicata, unless identity of thing sued for, of cause of action, and of parties thereto concur.**

Matter is not to be considered res judicata, unless there is concurrence of identity in thing sued for, identity of cause of action, identity of persons and of parties to cause of action, and identity of quality of person for or against whom claim is made.

**2. Trespass to try title ☞28—Vendee holding under general warranty deed, if sued therefor, may implead warrantor.**

Vendee holding land under general warranty deed, if sued therefor, may implead his warrantor.

**3. Trespass to try title ☞17—Limitation may be pleaded by warrantor in defense of title.**

Warrantor when sued on general warranty may plead limitation in defense of a title.

**4. Judgment ☞682(1)—Plea of res judicata may be relied on by warrantor, in suit involving title to land for which warranty was given (Rev. St. 1925, art. 7368).**

Under Rev. St. 1925, art. 7368, warrantor, if party to suit involving land which he has conveyed by general warranty deed, may rely on plea of res judicata, if necessary elements thereof exist.

**5. Judgment ☞682(1) — In suit involving boundaries to realty, judgment determining boundaries between plaintiff and defendant's warrantors held available to defendant under plea of res judicata (Rev. St. 1925, art. 7368).**

In suit involving boundaries of realty, judgment wherein boundaries of land involved were determined as between plaintiff and defendant's warrantors held available to defendants under plea of res judicata, in view of Rev. St. 1925, art. 7368.

**6. Judgment ☞714(2) — In suit involving boundaries of realty, former adjudication held not res judicata as to land not then involved.**

In suit involving boundaries of realty, former judgment between plaintiff and defendant's warrantors, determining boundaries, held not res judicata as to that part of land which was not involved in former action.

**7. Judgment ☞714(1) — Judgment, not fixing controverted boundary, and not affecting parties not involved, held not to estop defendants from asserting right, in suit involving boundaries.**

In suit involving boundaries to real estate, former judgment, settling boundaries, held not to estop defendants from asserting rights to land involved, where judgment did not undertake to locate boundary involved; plaintiff not having been party to litigation; and judgment providing that it should not affect boundaries to land belonging to any person not party to suit.

Appeal from District Court, Garza County; Gordon B. McGuire, Judge.

Actions by John B. Slaughter against C. G. Spence and against H. B. Crosby. On motion, cases were consolidated, and Ben H. Kelly and L. N. Brooks were impleaded by defendant. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

Beall, Beall & Beall, of Sweetwater, for appellant.

Ed. J. Hamner, of Sweetwater, for appellees.

JACKSON, J. The plaintiff, John B. Slaughter, filed in the district court of Garza county, Tex., cause No. 295 against C. G. Spence, defendant, and cause No. 296 against H. B. Crosby, defendant. The suits involve the correct location of a part of the south boundary line of section 1328, block 1, H. & O. B. Ry. Co. land, and the existence of a vacancy upon which the L. N. Brooks survey No. 2 is located. On motion the cases were consolidated, and the defendants impleaded Ben H. Kelly and L. N. Brooks as their warrantors, under whom, by general warranty deed, they held title to said L. N. Brooks survey No. 2.

Plaintiff, in the consolidated case against the original and impleaded defendants, alleges that the L. N. Brooks survey No. 2 claimed by the defendants is illegally located upon a supposed vacancy which does not exist because said survey No. 2, as located, is a part of his said section No. 1328. Plaintiff described the land he seeks to recover as that part of said survey 1328—

"beginning at a point in the north line of section 10, block 8, T. T. R. R. Co., 103 vrs. E. from the N. W. cor. of said section 10, which point is claimed by plaintiff for the south line of said section 1328; thence E. with the N. line of said section No. 10, which line plaintiff alleges to be also the S. line of said section No. 1328 about 1,818 vrs. to the N. E. cor. said section 10, and the S. E. cor. of section 1328; thence 0° 21′ 33″ E. with the east line of said sur. 1328, about 500 vrs. to stake for corner; thence westerly at right angles and parallel with said N. line, said section 10, about 1,818 vrs. to stake for corner; thence southerly at right angles about 500 vrs. to the place of beginning."

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The plaintiff pleads as estoppel the agreed judgment in the case of C. W. Post et al. v. J. W. Robinson et al. (No. 26375), rendered in the district court of Travis county, Tex., in which suit the commissioner of the land office and the state were defendants, and the location of the north line of section 1328, block 1, H. & O. B. R. R. Co., was established.

The defendants answered plaintiff's petition in the consolidated case by general demurrer, special exceptions, general denial, and plea of not guilty, and pleaded:

That L. N. Brooks was, on his application to the state therefor, awarded survey No. 2, block L. G., situated in Garza county, Tex., the land in controversy, which defendants describe in their answer as follows:

"Begining at a large line stone marked 'NE10,' the N. W. corner of section 9, block 8, T. T. R. R. Co., for the S. E. corner of this survey; thence N. 0° 5' E., at 517.7 vrs. pass 1-inch iron pipe, at 522.5 vrs. the N. E. corner of this survey; thence W. at 1,823.7 vrs. the N. E. corner of survey 1, block L. G., and the N. W. corner of this survey; thence S. 0° 7' W. 513 vrs. to the north line of section 10, block 8, T. T. R. R. Co., 103 vrs. east of a large stone marked 'NW10'; thence S. 89° 42' E. with the north line of section 10, block 8, T. T. R. R. Co., at 1,824 vrs. the place of beginning."

That thereafter, by general warranty deed, L. N. Brooks and his wife conveyed to C. G. Spence the west one-half and to Ben H. Kelly the east one-half of said survey. That Ben H. Kelly and wife, by general warranty deed, conveyed said east one-half of said survey to H. B. Crosby, and C. G. Spence and H. B. Crosby are the owners of said survey No. 2.

The defendants Crosby and Spence alleged the consideration paid by each of them for his respective part of said survey, and asked recovery from his respective warrantor the consideration so paid, if plaintiff prevailed in the suit.

The defendants pleaded res judicata, alleging that the plaintiff in this suit, John B. Slaughter, on December 15, 1916, instituted in the district court of Garza county, Tex., suit No. 92 against L. N. Brooks and Ben H. Kelly, two of the defendants herein, to recover title and possession of the land immediately north of sections Nos. 403 and 10 of the T. T. R. R. Co. surveys, and immediately south of sections Nos. 1326 and 1328, block 1, H. & O. B. R. R. surveys; that the north line of 403 and 10, and the south line of 1326 and 1328 is a common line, and hence no vacancy existed along said common line; that said cause No. 92, with the issues therein presented, was prosecuted to judgment and appealed to the Court of Civil Appeals for the Seventh Supreme Judicial District of Texas, and judgment rendered on June 29, 1921, which judgment was afterwards entered by the district court of Garza county, Tex., on its minutes, and was and is a final, valid, and subsisting judgment; that L. N. Brooks and Ben H. Kelly, the defendants in cause No. 92, are the same L. N. Brooks and Ben H. Kelly who are defendants in this suit, and who sold the lands in controversy to the defendants C. G. Spence and H. B. Crosby; that the plaintiff, John B. Slaughter, was plaintiff in cause No. 92 and is the same person who is plaintiff in this suit; that the issues adjudicated in cause No. 92 determined that the south line of survey 1328 is at the northeast corner of survey No. 2 in controversy, 522.5 varas north of the north line of surveys 9, 10, and 403 of the T. T. R. R. Co. surveys, and runs due west to the northwest corner of survey No. 2, at a point 513 varas north of the north line of sections 10 and 403, 103 varas east of the northwest corner of survey 10 and the northeast corner of survey 403, and that said survey 1328 does not embrace any of the lands in controversy; that the issues adjudicated in cause No. 92, as applied to the facts in the instant case, are conclusive against plaintiff. The defendants pleaded in considerable detail the facts involved and which they allege were determined in cause No. 92, but we consider it unnecessary to state the plea of res judicata more fully. The defendants ask affirmative relief quieting title to the land claimed by them, and disclaim ownership of any land in said section No. 1328.

Plaintiff does not attack the validity of the title of defendants to their land, provided the vacancy on which the L. N. Brooks survey No. 2 is located existed at the time of the survey and the award thereof, and the defendants do not attack the validity of the title of plaintiff to the lands included in the true boundaries of section 1328, block 1, H. & O. B. R. R. Co. lands.

At the conclusion of the testimony the court directed the jury to return a verdict in behalf of the defendants, stating in his charge that he was of the opinion that under the evidence the plea of res judicata had been established. In obedience to this peremptory instruction, the jury returned a verdict, and judgment was entered that the defendants have and recover from the plaintiff all of the L. N. Brooks survey No. 2, according to the field notes in their answer, as hereinbefore set out, and that the plaintiff recover the south part of survey No. 1328 north of said survey No. 2, and that H. B. Crosby and C. G. Spence, having recovered the land involved, take nothing against the defendants L. N. Brooks and Ben H. Kelly on their respective cross-actions. From this judgment John B. Slaughter, as appellant, prosecutes his appeal against all of the defendants as appellees.

Cause No. 92, on which appellees base their plea of res judicata and estoppel, was tried and appealed to this court twice, and the decisions are found in the case of Brooks

et al. v. Slaughter, 218 S. W. 632, and Brooks et al. v. Slaughter, 232 S. W. 857.

For the purpose of aiding in understanding the location of the land involved in this controversy, we refer to the plat presented in the opinion on page 633 of volume 218 of the Southwestern Reporter, with the limitations stated therein as to its correctness.

The plaintiff introduced his testimony on the issues presented in his pleadings, and the defendants offered their title, testimony on the existence of a vacancy, and on the plea of res judicata introduced, with the exception of the statement of facts, the record of the trial of cause No. 92 in the district court of Garza county, Tex., in which the plaintiff herein was plaintiff, and L. N. Brooks and Ben H. Kelly, two of the defendants herein, were defendants, and also the opinions of this court on the appeals of said cause, and the judgment as made final by this court, and entered by the district court of Garza county, Tex., in said cause.

In cause No. 92, John B. Slaughter, according to the allegations in his petition on which the case was tried, claimed the south one-half of section No. 1326, the field notes of which it is unnecessary to set out, and the west one-half of the southwest one-fourth of section No. 1328, block 1, H. & O. B. R. R. lands, which he described as follows:

"Beginning at a stone md. NW10, and a large post, being the common corner of survey No. 10, block 8, T. T. R. R. Co., survey No. 403, T. T. R. R., and surveys Nos. 1326 and 1328, block 1, H. & O. B. Ry. Co.; thence N. 0° 7' E. 950 vrs. along the east line of said survey 1326; thence S. 89° 42' E. 482 vrs. to a point; thence S. 0° 7' W. 950 vrs.; thence N. 89° 42' west along the north line of survey No. 10 to the place of beginning."

The land claimed by Kelly and Brooks in cause No. 92 is described in their pleadings as follows:

"Beginning at the N. E. corner of survey No. 403, said corner being about 3896 vrs. north of an old stone md. at the S. W. corner of survey 401, T. T. R. R. Co.; thence N. 89° 40' W. 2090 vrs. to the N. E. corner of survey 404, T. T. R. R. Co.; thence 0° 20' E. 526 vrs.; thence E. 2190 vrs.; thence S. 537 vrs.; thence W. 103 vrs. to the place of beginning."

In the final judgment rendered in this court in cause No. 92 and entered by the district court of Garza county, John B. Slaughter, the plaintiff therein, recovered from L. N. Brooks and Ben H. Kelly, the defendants therein, title and possession to the south one-half of survey 1326, which the judgment describes by field notes, and also recovered the west one-half of the southwest one-fourth of survey No. 1328, with metes and bounds as follows:

"Beginning at a point 513 vrs. north 7' east and 170 vrs. east of stone mound set for the northeast corner of survey 403, according to the resurvey thereof by W. D. Twitchell, said point being the southeast corner of section 1326 and the southwest corner of 1328; thence north 950 vrs. to a point; thence east 475 vrs. to a point; thence south 950 vrs. to a point; thence west 475 vrs. to the place of beginning, being the west one-half of the southwest one-fourth of said survey 1328."

L. N. Brooks and Ben H. Kelly, in cause No. 92, recovered from John B. Slaughter title and possession of survey 1, block L. G., described as follows:

"Beginning at a stone set for the N. E. corner of survey 403, Tiler-Tap R. R. survey; thence N. 89° 42' W. with the north line of said survey No. 403, 2,090 vrs. to a concrete monument for the N. W. corner of survey 403; thence N. 0° 20' E. 502 vrs. to a point; thence E. 2,191 vrs. to a point; thence S. 513 vrs. to a point; thence N. 89° 42' W. 103 vrs. to the place of beginning."

Appellant, by a number of assignments, which we shall consider together, challenges as error the action of the trial court in directing a verdict against him on defendant's plea of res judicata.

[1] "The rule seems to be that a matter is not to be regarded as res adjudicata unless there is a concurrence of four conditions: First, identity in the things sued for; second, identity of the cause of action; third, identity of persons and of parties to the cause of action; fourth, identity of the quality of the persons for or against whom the claim is made. Jackson v. Cable [Tex. Civ. App.] 27 S. W. 203; Philipowski v. Spencer, 63 Tex. 607; Cromwell v. Sac County, 94 U. S. 351; 24 L. Ed. 197." Lane v. Kuehn (Tex. Civ. App.) 141 S. W. 363.

The record discloses that the plaintiff, John B. Slaughter, in cause No. 92, sued Brooks and Kelly as defendants; that the land in controversy in the instant case was awarded to appellee L. N. Brooks; that he conveyed the west one-half thereof to C. G. Spence, and the east one-half thereof to Ben H. Kelly, and that Ben H. Kelly conveyed the east one-half to H. B. Crosby; that these conveyances were by warranty deed; and that Spence and Crosby impleaded as their respective warrantors Brooks and Kelly, seeking judgment over against them for the consideration paid if plaintiff prevailed in the suit.

Article 7368, Revised Civil Statutes, 1925, provides:

"When a party is sued for lands, the real owner or warrantor may make himself, or be made, a party defendant in the suit, and shall be entitled to make such defense as if he had been the original defendant in the action."

[2-5] It is the settled law in this state that a vendee holding land under a general warranty deed, if sued therefor, may implead his warrantor. Kirby v. Estill, 75 Tex. 484, 12 S. W. 807; McLean v. Moore (Tex. Civ. App.) 145 S. W. 1074. The warrantor may plead limitation in defense of a title. Branch v.

Baker, 70 Tex. 190, 7 S. W. 908. The statute provides that the warrantor may make himself a party, and may make such defenses as he would be allowed to make if the original defendant in the suit. Under the provisions of this article a warrantor, if a party to a suit involving the land which he has conveyed by general warranty deed, may rely on a plea of res judicata if the necessary elements thereof exist, and in our opinion the identity of the parties is sufficiently disclosed to authorize the plea of res judicata.

The record reveals that in cause No. 92 the controversy involved the existence of the vacancy upon which survey 1, block L. G., had been located, and the correct location of the south boundary line of section 1326 and the west part of the south boundary line of section 1328. At the time the lands involved in said litigation were adjudicated, the L. N. Brooks survey No. 2 involved in this suit had not been awarded, and the title thereto, if a vacancy existed, was in the state. The location of the part of the south boundary line of section 1328, which is east of the west one-half of the southwest one-fourth of said section, was not involved in cause No. 92.

[6] The appellees contend that their plea of res judicata is sustained by the law as announced by the Supreme Court of the United States in State of Oklahoma v. State of Texas, 256 U. S. 70, 41 S. Ct. 420, 65 L. Ed. 831, maintaining that said case is decisive of the law in their favor. In that case the court held that the former decree in United States v. Texas, 162 U. S. 1, 16 S. Ct. 725, 40 L. Ed. 867, was conclusive on the true location of the boundary between the United States and Texas where it followed the Red river bordering upon Greer county; that the boundary followed the middle of the south bank of the river; and that the location was to be determined according to the effect and meaning of the treaty of 1819 (8 Stat. 252, 254), saying:

"And, of course, it not only concludes the parties with respect to that part of the boundary which borders upon what was called Greer county, but settles the construction of article 3 of the treaty of 1819 as to the entire course of the Red river where it marks the boundary between the territory then owned by the United States and that of the state of Texas."

In the case of the State of Oklahoma v. State of Texas, 47 S. Ct. 9, 71 L. Ed. ——, in discussing Oklahoma v. Texas, supra, and its enunciation of the law on the question of res judicata, the Supreme Court states:

"And so, while the decree likewise conclusively determined that the boundary line between Texas and the territories of the United States followed the line of the true 100th meridian from its intersection with the South fork of Red river, it was, for like reason, not an adjudication as to the precise location of the meridian line, but left this matter open and undetermined."

An analysis of the law, as announced by the Supreme Court of the United States in the cases supra, does not, in our opinion, sustain appellees' contention on the question of res judicata.

The precise question involved in appellees' plea of res judicata, as we understand the holding, is settled in the case of Reast v. Donald, 84 Tex. 648, 19 S. W. 795. The question at issue in Reast v. Donald was the true location of the north boundary line of the Lamar survey and the south boundary line of the Tuttle survey. The appellee in the case claimed that the line was a common boundary between the two surveys. It was admitted that he owned the land in the Lamar survey and the appellant owned the land in the Tuttle survey. Appellee contended, under his plea of res judicata, that the true location of the line between the two surveys had been settled between him and appellant in former litigation, and appellant was estopped from disputing the boundary line because of the judgment rendered in the former case. The court holds that the judgment in the former case, No. 4669, covered a part of the land involved in the suit then before it, and, after announcing that certain testimony was admissible on the plea of res judicata, says:

"The jury could not have considered that the judgment rendered in cause 4669, and the evidence of plaintiff and Woods offered in connection therewith was conclusive of the rights of the parties as to the entire north line of the Lamar, for the court in its charge to the jury permitted them to consider the judgment only for the purpose of regarding the north line of the Lamar as settled to the extent of the distance called for in the judgment. This distance being 687 varas, the former judgment as to this extent, we think, was res adjudicata. This being true, it leaves about 1,000 varas of the north line of the Lamar unsettled—extending from its northwest corner east to a point where it meets the 687 varas of the north line adjudicated in the former suit."

In cause No. 92, the part of the south boundary line of section 1328 south of the west one-half of the southwest one-fourth of said section was located and adjudicated, and to that extent the plea of res judicata is sustained. The part of the south boundary line of section 1328 beginning 475 varas east of its southwest corner was not involved in cause No. 92, and the location of that part of said line was not adjudicated, and hence appellees' plea of res judicata as to that portion of the line beginning 475 varas east of its southwest corner and extending to its southeast corner is not conclusive. See, also, Delaune v. Beaumont Irr. Co., 60 Tex. Civ. App. 452, 128 S. W. 174.

[7] Appellant's plea of estoppel, based on the agreed judgment rendered in the case of O. W. Post et al. v. J. T. Robinson et al., under the pleadings and facts revealed by this record, cannot be sustained because the

agreed judgment in said cause does not undertake to locate the south boundary line of section 1328 which is involved in this suit, the appellant in this case was not a party to such litigation, and the agreed judgment expressly provides that it should not affect or fix the boundaries to any land belonging to any person not a party to the suit.

Appellees attack the sufficiency of appellant's brief, but inasmuch as the material question presented arose on the peremptory instruction given by the court, which, if error, was fundamental, we have not considered such objections.

For the error discussed, the judgment is reversed, and the cause remanded.