**CROSBY et al. v. SLAUGHTER et al.**

**No. 3607.**

Court of Civil Appeals of Texas. Amarillo.

May 6, 1931.

Rehearing Denied June 17, 1931.

Edward J. Hamner, of Sweetwater, and Ben H. Kelly, of San Antonio, for appellants.

Beall & Beall, of Sweetwater, and T. L. Price, of Tahoka, for appellees.

JACKSON, J.

This is the second appeal in this case, and the former opinion of this court is reported in 289 S. W. 1060.

Since the former trial, the judgment of which was reversed in said opinion, John B. Slaughter, the appellant in the case, died, and by permission of the court his heirs, Isabell Slaughter, his surviving widow, J. B. Slaughter, Jr., and Mrs. F. E. Lott, joined pro forma by her husband, F. E. Lott, were

substituted as plaintiffs for J. B. Slaughter, deceased.

The defendants are the same, and with the exception of the substitution of the parties plaintiff, neither the plaintiffs nor defendants have made any material changes in their pleadings and reference is here made for a statement to the case of Slaughter v. Crosby et al., supra, which discloses the land in controversy and the contention of the respective litigants relative to the correct location thereof.

To assist in understanding the location of the land, we refer to the plat presented in an opinion on page 633 of 218 S. W. (Brooks v. Slaughter [Tex. Civ. App.]), with the limitations therein stated as to the correctness of such map. The controversy involves the true location of the south boundary line of section 1328 in block 1, H. & O. B. R. R. Co., and the true location of the north boundary line of section 10, block 8, T. T. R. R. Co., in Garza county, Tex.

In response to a special issue submitted by the court in his main charge, the jury found, in effect, that the line in controversy should be located where the plaintiffs claim it to be. In response to a special issue requested by the defendants, the jury answered that the plaintiffs had established by a preponderance of the evidence that the defendants' lands were included in the boundaries of section 1328 as located by the original surveyor. On these findings the plaintiffs were given judgment for the land in controversy and survey 2, block L. G., the land claimed by the defendants under an award from the land commissioner of the state of Texas, was canceled and all deeds, transfers, and records pertaining to the award were annulled and held for naught as a cloud upon plaintiffs' title. The judgment also disposes of the issues of improvement in good faith and permitted a recovery on the warranties pleaded, but no complaint is made of the disposition of such matters and no further notice will be taken thereof.

From the judgment decreeing plaintiffs title and possession to the land in controversy, the defendants prosecute this appeal.

■ The first assignment presented by appellants challenges as error the action of the trial court in sustaining appellees' exceptions to their plea of res judicata and estoppel. In the former opinion, Slaughter v. Crosby et al., supra, the judgment is reversed and the cause remanded because the court directed a verdict in favor of the appellees, who are appellants here, on their plea of res judicata, holding that the opinions in cause No. 92, Brooks et al. v. Slaughter (Tex. Civ. App.) 218 S. W. 632, and Brooks et al. v. Slaughter (Tex. Civ. App.) 232 S. W. 856, adjudicated the location of the south boundary line of section 1328 south of the west half of the southwest quarter of said section, but that the south boundary line of said section beginning 475 varas east of its southwest corner was not involved in cause No. 92 and that the plea of res judicata on that portion of the line was not conclusive.

We reached the conclusion on the former appeal that the evidence was not such as to authorize the court, as a matter of law, to sustain the plea of res judicata on the entire line without submitting such issue to the jury.

In cause No. 92, in addition to claiming the south half of section 1326, John B. Slaughter asserted title to the west half of the southwest quarter of section 1328, which he described by metes and bounds as is shown in Slaughter v. Crosby et al. (Tex. Civ. App.) 289 S. W. 1060. In Brooks et al. v. Slaughter (Tex. Civ. App.) 232 S. W. 856, supra, J. B. Slaughter recovered and was given judgment for the south half of section 1326 and the west half of the southwest quarter of section 1328, but in that opinion the court expressly excluded from the controversy the land involved in this suit because the appellees therein, who are appellants here, failed to show they had title to the land involved in this case.

We are of the opinion that the court erred in sustaining appellees' exceptions to appellants' answer and determining as a matter of law that the appellants were not entitled to urge res judicata and estoppel as a defense to appellees' cause of action.

■ The appellants assail as error the action of the trial court in refusing to instruct the jury, at their request, in effect that survey 1328, block 1, should be located by a line projected south from Cobb's corner to intersect with a line projected west from corner E and from this point of intersection the south boundary line of survey 1328 should be determined by true course and distance as called for in the original field notes of the sections intervening between such point of intersection and the south boundary line of 1328.

In Brooks v. Slaughter, 218 S. W. 632, 637, supra, Judge Boyce of this court, after discussing the various contentions as to the construction to be given to the calls of the field notes in block 1, held that under the circumstances, survey 1328 in block 1 should be located by lines on true course south from Cobb's corner and west from the corners D or E. In the opinion for rehearing, he says: "To be specific, the northeast corner of section 1313 should be located at the intersection of a line run south from the Cobb corner with a line run west from corner E, and surveys 1326 and 1328 should be located from this position of section 1313 by true course

and distance according to the calls of their field notes and those of the intervening surveys back to said section 1313."

In Brooks et al. v. Slaughter (Tex. Civ. App.) 232 S. W. 856, supra, Judge Boyce again held that sections 1326 and 1328 should be located on true course from the Cobb corner and corner D or E, and not on a course to run at right angles to a line between the Black Bottle corner and corner D or E.

The trial court erred in refusing to follow the instructions contained in these two opinions and direct the jury that the south boundary line of 1328 should be located according to such instructions.

Appellees' various contentions relative to the proper construction of the surveys in block 1, the apportionment of the excess in said block north and south among said surveys, the location of the south boundary line of 1328, and their contention relative to parties and the subject-matter of the controversy, have all been decided against them. State v. Post (Tex. Civ. App.) 169 S. W. 401, and the same case by the Supreme Court in 169 S. W. 407; Brooks et al. v. Slaughter (Tex. Civ. App.) 218 S. W. 632, supra; Brooks et al. v. Slaughter (Tex. Civ. App.) 232 S. W. 856, supra; Slaughter v. Crosby et al. (Tex. Civ. App.) 289 S. W. 1060, supra.

The judgment of the trial court is reversed, and the cause remanded for the errors discussed, and the trial court directed to follow the instructions of Judge Boyce in 218 S. W. and 232 S. W., supra, in determining the true location of the boundaries in controversy.