## A. Delaune v. Beaumont Irrigating Company.

### Decided April 25, 1910.

**Boundary—Judgment—Res Judicata.**

A judgment in a suit to fix the true division line running north and south between two subdivisions of an original grant, will not be res adjudicata in a subsequent suit between the same parties to determine the true south boundary of the original grant, although the judgment in the first suit incidentally fixed the location of the southeast corner of the original grant, no part of the land involved in the second suit being involved in the first suit, and the location of said south line or any part thereof being in no way material to any issue involved in the first suit.

Error from the District Court of Jefferson County. Tried below before Hon. L. B. Hightower.

*E. A. McDowell* and *J. D. Martin,* for plaintiff in error.—The judgment and pleading in cause numbered 2658 only settled and adjudicated the title to the land involved in that suit, which was 970 varas west from the southeast corner of the league, and did not in any manner adjudicate or attempt to adjudicate any portion of the south line beyond that point, and if the court did so undertake in his findings of fact and conclusions of law to adjudicate and settle the land beyond the point that was in actual litigation, his findings and conclusions would have been absolutely void because of lack of jurisdiction over the subject matter. James v. James, 81 Texas, 380; Reast v. Donald, 84 Texas, 648; Moore v. Snowball, 98 Texas, 16.

*Greer & Minor,* for defendant in error.—The judgment in cause No. 2658 was conclusive of the right of the parties as to the location of the league, including its southeast corner and its south line; the location of the league was a material issue in that case—made so by the pleading of Delaune—was necessarily determined by the judgment therein, and the location of the league—especially of its southeast corner and its south line—was actually and necessarily settled in that suit, and as the facts involved in the instant case are so cardinal that, without them, the former decision can not stand, they must now be taken as conclusively settled. 23 Cyc., 1169; 1 Freeman on Judgments (4th ed.), secs. 253, 256, 276a; Linberg v. Finks, 7 Texas Civ. App., 398; Girardin v. Dean, 49 Texas, 246.

PLEASANTS, Chief Justice.—This suit was brought by plaintiff in error against the defendant in error to recover the title and possession of a tract of 130 acres of land on the J. Gerish, Jr., survey in Jefferson County. The suit is in form an action of trespass to try title, but the only question presented by the evidence is that of boundary, and the decision of this question on this appeal depends solely upon whether the trial court erred in sustaining defendant's plea of *res adjudicata.*

The facts are these: On the 7th of December, 1894, in a suit in the District Court of Jefferson County, the J. Gerish, Jr., survey was

subdivided and partitioned between the then owners of said survey, all of whom were parties to said proceeding. In that suit there was set apart to Mrs. Bettie Bryan a tract of 535 acres; to the plaintiff in the present suit, A. Delaune, a tract of 1,000 acres, and to C. L. Nash a tract of 95 acres. These tracts adjoin and all lie along the south boundary line of the Gerish, Jr., survey. The 535-acre tract, as described in said partition, has a width from east to west of 1,044 varas on the south line of the survey, and extends north between parallel lines a distance of 2,584 varas, the east line of said tract being the east line of the survey. The 1,000-acre tract lies immediately west of this 535 acres, its east line being identical and coterminous with the west line of the 535-acre tract. The 95-acre tract is west of the 1,000 acres. Plaintiff now owns both of the two tracts last mentioned, and the land in controversy is a tract of 130 acres off the south ends of said tracts. The defendant purchased the 535 acre-tract prior to November 4, 1900, and is now the owner of same, and is also the owner of the land on the J. Gerish, Sr., survey, which lies immediately south of the land in controversy. On the date last named plaintiff filed a suit against the defendant in the District Court of Jefferson County to recover a tract of land described as follows:

"A part of the J. Gerish, Jr., league: Beginning at a point in the south boundary line of said league 1,044 varas west from the southeast corner of said league; thence north 2739.1 varas; thence west 474 varas; thence south 2739.1 varas to the south boundary line of the James Gerish, Jr., league; thence east 474 varas to the place of beginning, containing 230 acres.

"That, in order to describe with more accuracy and precision the location of said acres above described upon the ground, it is further alleged that the southeast corner of said James Gerish, Jr., league, is ascertained and determined as follows:

"To begin at the southwest corner of the T. D. Yocum survey in Jefferson County; thence with the south boundary line of said survey and the south boundary line of the D. Choate league, north 88 deg. 50 min. east, 5,517 72/100 varas to a point in the south line of said Choate league, which is also the lower northwest corner of the E. Raines league and the northeast corner of the James Gerish, Jr., league; thence south 4761.5 varas to the southeast corner of the James Gerish, Jr., league."

The defendant answered in said suit by plea of not guilty and pleas of limitation and improvements in good faith, and further asserted title to the land described in its answer, and prayed for judgment for same against the plaintiff. The cause was tried on March 12, 1904, and judgment rendered in favor of the defendant, "that plaintiff take nothing by his suit," and adjudging defendant the title and possession of a tract of land described as follows:

"Beginning at the S. E. corner of said J. Gerish, Jr., league, as marked by surveyors A. E. Stimson and L. J. Kopke, by beginning the survey of the said J. Gerish, Jr., league at the S. W. corner of the T. D. Yocum survey in the east line of the Skates or Manors or McKinney and Menard survey; thence north 85 deg. E. 5,000 varas to the northeast corner of said J. Gerish, Jr., league; thence south

4,867 varas for the southeast corner of said J. Gerish, Jr., league, and the southeast corner and beginning corner of a tract therein adjudged to the defendant, Beaumont Irrigating Company; thence north along said east line of the J. Gerish, Jr., league, 2,584 varas, corner; thence west 970 varas to a point 40 feet west of the fence of the defendant, the Beaumont Irrigating Company, said fence running north and south along the east line of a strip 40 feet wide left by the Beaumont Irrigating Company for public road purposes; thence south on a line parallel with said fence and 40 feet distant therefrom to the tract of the T. & N. O. Ry. Co.; thence south to the south line of the J. Gerish, Jr., league as hereinbefore established; thence east along the south line of said J. Gerish, Jr., league 970 varas to the place of beginning, being the southeast corner of the J. Gerish, Jr., league as hereinbefore established, containing 449 acres of land."

At the request of plaintiff the trial judge filed his conclusions of fact and law in said cause, and these conclusions contain the following:

"That the northwest corner of the J. Gerish, Jr., league was at the southwest corner of the T. D. Yocum survey on the east boundary of the Skates or Manors, or McKinney and Menard league, and that no corner except said beginning corner or northwest corner of the J. Gerish, Jr., survey was defined or could be ascertained on the ground, and that none of its lines are defined on the ground except a portion of its west line in the east line of the McKinney and Menard or Skates or Manor league; and that no corner or line of the J. Gerish, Sr., league, or of the Raines league, was defined or marked on the ground; and that no corner or line of the A. Savery or the A. Huston surveys were defined or marked on the ground; and that as the beginning or northwest corner of the J. Gerish, Jr., survey was ascertained by its identity with the southwest corner of the T. D. Yocum survey on the east line of the Skates or Manor (a well-marked line), and, as course and distance alone from that well-defined beginning point would, with reasonable certainty, locate and identify the J. Gerish, Jr. league, that league must be located in that manner, and that it was to be located by running a line from the southwest corner of the T. D. Yocum survey N. 85 deg. E. 5.000 varas; thence south 4,867 varas; thence west 5,681 varas; thence north 9 deg. west 4,484 varas to the place of beginning, as shown by the plat marked Exhibit 'A' made by surveyors A. E. Stimson and L. J. Kopke, introduced in evidence on the trial of said cause numbered 2658."

Plaintiff appealed from said judgment, and upon a hearing of the appeal in this court the judgment of the court below was affirmed on February 2, 1905.

If the south line of the J. Gerish, Jr., survey be located by extending that portion of said line fixed by the court in the suit before mentioned, the course and distance called for in the field notes of said survey, all of the land in controversy in the present suit is south of such line. The trial court found "that the Beaumont Irrigating Company, the defendant, has been in possession of the 130 acres of land in controversy in this present suit since the year 1900, cultivating and using the same, and that the annual rental value per acre is $3.00

from May 25, 1903 (two years prior to the filing of this suit), and that the aggregate rental value of said land to the date of the trial of this cause, to wit, October 8, 1908, is $1,950."

The trial court held that the judgment in the former suit between the parties to this suit, fixing the location of that portion of the line south of the survey involved in said suit, was *res adjudicata* as between the parties to said suit of the question of the location of said line for its entire length, and, notwithstanding the true location of said line is as claimed by plaintiff, he is estopped by the judgment in the former suit to claim that said line is not located as fixed by said judgment.

We can not concur in this holding. From the allegations of the pleadings in the former suit and the undisputed facts shown by the evidence, it is clear that the location of the south line of the J. Gerish, Jr., survey, or any part thereof, was in no way material to any issue involved in said suit. It clearly appears that the issue in that suit was the location of the line between the 535-acre tract and the 1,000-acre tract owned by plaintiff. To properly locate this line it was necessary to first locate the east boundary line of the original survey, and in fixing this location the southeast corner of said survey was called for in the description given in the pleading. It is manifest from the pleadings and evidence that it was wholly immaterial to the plaintiff in that suit whether the southeast corner of the survey was south or north of the point claimed by him, because the shifting of said corner to the north or south in no way changed the relative location of the east and west lines of the subdivision of the survey, and as plaintiff claimed no land in that suit east of the west line of the 1,000-acre tract the location of the south line of the tract claimed by the defendant east of the east line of plaintiff's land was a matter in which plaintiff had no interest. It is true that, in describing the land claimed by him, plaintiff in his pleadings sought to fix the southeast corner of the original survey, and in fixing such corner he incidentally, by his pleading, put in issue the south line of the survey, said line being a continuous straight line from said corner; but, as before stated, the evident purpose of calling for the southeast corner was to fix the location of the east line of the survey, and in the location of this line the exact location of said corner with reference to the true location of the south line of the survey was not material. No part of the land involved in this suit was involved in the former suit, and therefore the judgment in that suit is not *res adjudicata* in the sense that it is a bar to the prosecution of a second suit between the same parties upon the same demand; and the true location of the south line of the original survey being immaterial to the issues in that suit, plaintiff is not estopped by the finding of the court in said suit fixing the location of said line. Reast v. McDonald, 84 Texas, 648; Philipowski v. Spencer, 63 Texas, 604; Cromwell v. County of Sac, 94 U. S., 351; City of Houston v. Walsh, 27 Texas Civ. App., 121.

The case of Reast v. McDonald, *supra,* would seem conclusive of the question presented on this appeal even had the location of the south line of that portion of the survey involved in the former suit been material to the question in issue in that suit.

The court having found all of the fact issues in favor of the plaintiff, and there being no complaint that such findings are not supported by the evidence, the judgment is reversed and judgment here rendered in favor of plaintiff for the land in controversy and for the sum of $1,950, found by the court to be the rental value of the land for the two years next preceding the filing of the suit and up to the date of the trial, with interest thereon from the date of the judgment in the court below at the rate of six percent per annum.

*Reversed and rendered.*

Application for writ of error dismissed.