INTERNATIONAL TRAVELERS' ASS'N v. BOSWORTH.

(Court of Civil Appeals of Texas. El Paso. Feb. 27, 1913. Rehearing Denied March 27, 1913.)

1. INSURANCE (§ 825*)—ACCIDENT POLICIES—EVIDENCE.

In an action upon an accident certificate, evidence *held* sufficient to go to the jury on the question whether insured's injury was caused by external violence.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 2009; Dec. Dig. § 825.*]

2. INSURANCE (§ 812*)—FRATERNAL BENEFIT INSURANCE ASSOCIATIONS—STATUTES.

Under Rev. Civ. St. 1911, art. 4830, exempting fraternal benefit associations from the provisions of the insurance law, unless they be expressly designated therein, the holder of a certificate of such an association is, in accordance with Rev. St. 1895, art. 3378, providing that it shall be unlawful for any person, firm, corporation, or association to enter into any stipulation or contract whereby the time in which to sue is limited to a shorter period than two years, entitled to two years in which to bring his action thereon, notwithstanding a provision in the certificate fixing a shorter time.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1993; Dec. Dig. § 812.*]

3. INSURANCE (§ 827*)—ACCIDENT POLICIES—FINDINGS.

In an action on an accident policy, where the jury answered in the affirmative questions whether the injury was caused by violent external means, and whether it would have occurred had plaintiff not been suffering from a disease of the bones, there was a sufficient finding that the injury was caused wholly by external violence, to support a judgment against the insurer, which was liable only for injuries caused by external violence.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 2011; Dec. Dig. § 827.*]

4. APPEAL AND ERROR (§ 179*)—PRESENTATION OF GROUNDS BELOW — SPECIAL ISSUES — QUESTIONS RAISED.

In an action on an accident policy, where the by-laws provided for payment only in case of accidental injuries, which immediately and wholly disabled the insured from transacting every kind of business pertaining to his occupation, a special issue requested by the insurer whether the insured continued to pursue his occupation of traveling salesman after sustaining the injury did not raise the question whether the accident immediately and wholly disabled the insured, so as to warrant review on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1137–1140; Dec. Dig. § 179.*]

5. INSURANCE (§ 787*)—ACCIDENT INSURANCE—CONDITIONS.

Where the by-laws of an accident insurance association provided for payment only where an insured should receive accidental injury immediately and wholly disabling him from transacting any kind of business, the fact that the insured, a traveling salesman, continued a journey after his accident will not bar recovery.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1955, 1957–1959; Dec. Dig. § 787.*]

6. TRIAL (§ 252*) — INSTRUCTIONS — APPLICABILITY TO EVIDENCE.

In an action by the holder of a certificate of an accident insurance association, the refusal of the trial court to submit an issue whether the insured used ordinary diligence in caring for his leg, after he was advised that it had been broken, was not improper, where all the evidence showed that he followed the advice of his physician.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

7. APPEAL AND ERROR (§ 1052*)—REVIEW—HARMLESS ERROR.

Under rule 62a for the Court of Civil Appeals (149 S. W. x), providing that no judgment shall be reversed and a new trial ordered on the ground that the lower court has erred, unless the appellate court believes that the error probably caused an improper judgment, in an action upon an accident policy for the amount due for the breaking of plaintiff's leg, the admission of evidence of a doctor that in his opinion, if a rock thrown struck plaintiff's leg suddenly, it would cause the fracture, and by plaintiff that it was not insured's intention to deceive the association in answering certain questions in the application for membership, and that his family consisted of a wife, son, and daughter, must be considered harmless, even if erroneous; there being sufficient other evidence to sustain the verdict against the insurer.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4171–4177; Dec. Dig. § 1052.*]

Appeal from Harris County Court; Clarke C. Wren, Judge.

Action by H. L. Bosworth against the International Travelers' Association. From a judgment for plaintiff, defendant appeals. Affirmed.

Samuel Peterson and Otto Taub, both of Houston, and Seay & Seay, of Dallas, for appellant. A. T. Carleton and L. R. Bryan, both of Houston, for appellee.

HARPER, J. This is an action brought in the county court of Harris county for civil cases by the appellee, H. L. Bosworth, upon a certificate of membership issued by the International Travelers' Association, a mutual assessment accident insurance company, organized and chartered under the laws of the state of Texas, to recover indemnity for total disability caused by bodily injury, or injuries, sustained through external, violent, and accidental means, independently of all other causes. Plaintiff alleged that on the 15th day of February, 1907, in the city of San Antonio, he received an injury by external, violent, and accidental means in the following manner: "That while he was walking in the city of San Antonio he was struck upon the leg, between the knee and ankle, with some hard substance, a particular description of which he is unable to give because of his lack of information, which said substance had been thrown, projected, or propelled with great force and violence, but by whom, or from what source, or in what manner, plaintiff is unable to state, but that said substance struck him upon the leg, as aforestated, with such force and violence that it broke both of the bones in his leg, and as a result thereof, and because of such injury, plaintiff was

confined to his bed in his home, and was totally disabled from performing any kind of work or manual labor for the period of 19 weeks from and after the 14th day of February, 1907." That plaintiff duly notified the defendant of said injury. That defendant denied liability and waived its right to require further proof. That defendant issued to plaintiff its certificate of membership, which was attached to plaintiff's petition and was made a part thereof. That plaintiff demanded from the defendant the agreed indemnity of $25 per week for the period of 19 weeks, making a total of $475, and that defendant failed and refused to pay the same, and is justly indebted to plaintiff in said sum of $475.

The defendant answered by general denial, set out in full the portions of the contract relied upon by it as its defense, and by special pleas substantially as follows: That the action was barred by limitation, for the reason that the suit was not filed within the time required by the certificate of membership upon which plaintiff based his suit. That in the application for membership plaintiff answered that he was physically sound. That such answer was untrue and constituted a breach of warranty. That in said application for membership plaintiff answered that he had never received a fracture prior to the time of executing said application. That said answer was false and untrue and constituted a breach of warranty. That the total disability for which plaintiff seeks to recover in this action was not the result of an injury caused by external, violent, and accidental means, and that said injury was in reality caused, wholly or partly, by reason and in direct consequence of a disease of the bone and bodily infirmity of plaintiff. That at the time of the alleged injury plaintiff was suffering from a disease of the bone and other bodily infirmities, and that said injury would not have occurred had not the alleged accident aggravated the effect of said disease and infirmity, or had not said disease aggravated the effect of the alleged accident, and that the alleged injury was not caused solely, directly, and proximately, and independently of all other causes, by external, violent, and accidental means. That the alleged disability did not occur immediately or presently after the happening of the alleged injury, and that said alleged disability was not total, and that such disability of plaintiff did not occur, if at all, until several days after he sustained said alleged injury. That the alleged original injury sustained by plaintiff would not have resulted in his alleged disability had plaintiff not continued to use his injured leg for several days after he sustained said original injury. That such use of his leg by plaintiff was negligence on his part, which negligence contributed materially to said injury and consequent

disability. That said alleged and purported accident did not break both bones of plaintiff's leg, and that the fibula of plaintiff's leg was broken a considerable period of time after the said alleged accident, and that said fibula of plaintiff's leg was broken by reason of the continued and negligent use of said leg by the plaintiff, and that the breaking of the fibula of his leg contributed to and prolonged, for a considerable period of time, his alleged disability.

The trial of the cause on November 22, 1911, resulted in a judgment for the plaintiff in the sum of $475, with interest and costs of suit. Defendant in due time filed its motion for a new trial, which was overruled, to which action of the court defendant excepted, gave notice of appeal, and in due time filed its appeal bond. The cause is now before this court for review.

[1] The first assignment of error complains of the failure to give peremptory instruction for the defendant, because the evidence was not sufficient to sustain a verdict, and because there was no evidence that plaintiff's disability was the result of an injury effected by accidental means.

There was ample evidence upon which to submit the case to the jury. The plaintiff, over defendant's objection, testified that he felt a sharp blow on the shin, and Dr. Shields testified that plaintiff had a "fractured tibia, and over the site of the fracture * * * there was a contusion showing effect of external violence"; and the jury having found for plaintiff, this court could not hold otherwise. This assignment is overruled.

[2] One of appellant's propositions under first assignment of error is that plaintiff should have brought his suit within six months after waiver of proof of loss and denial of liability, as provided by the certificate of membership.

Rev. St. 1895, art. 3378, fixing the period at two years, governs this case, and Rev. St. 1911, art. 4830, exempts fraternal beneficiary associations from the operation of the insurance laws of this state, "unless they be expressly designated therein," as the statutes to regulate insurance companies apply to the contracts between the companies and individuals, and not as to the limitation within which suit to enforce the right under a contract shall be brought.

This disposes of the second, third, and fourth assignments, which are as follows:

Second assignment of error: "The court erred in overruling defendant's motion to strike out and instruct the jury to disregard plaintiff's testimony with reference to his having been struck by some object unknown to him, and that he received a sudden blow or hit on the shin, when it developed on cross-examination of plaintiff, as witness, that his testimony was to being struck by some object, and as to receiving a blow or

hit on the shin, was merely his opinion, without any fact to establish it outside of the pain; said testimony and said motion are shown more fully in defendant's bill of exceptions No. 3."

Third assignment of error: "The court erred in rendering judgment against the defendant upon the verdict of the jury (the motion for a new trial having been overruled), because said verdict was contrary to and against the great weight and preponderance of the evidence, which established, to the exclusion of any other reasonable hypothesis, that the disability of plaintiff was the result of an injury caused by disease."

Fourth assignment of error: "The court erred in overruling defendant's motion for a new trial, because the verdict of the jury on each of the issues submitted was so contrary to the great weight and preponderance of the evidence as to show that the verdict of the jury was not the result of a fair consideration by it of the evidence."

[3] The fifth, eighth, and seventeenth assignments complain that the court erred in rendering judgment against the defendant upon the verdict of the jury, because there was no finding by the jury that plaintiff's injury, which resulted in his disability, was caused, independently of all other causes, by external, violent, and accidental means.

The issue was raised by the defendant in this case by the pleadings as to whether defendant's injury was the result of the diseased condition of the bones of his leg, and not the result of external, violent, and accidental means, and the issue was properly submitted by the court by the following questions:

"First Question: Was the injury which was sustained by plaintiff on February 15, 1907, caused by external, violent, and accidental means in the manner as alleged by plaintiff in his petition; that is, was plaintiff struck upon the leg, between the knee and ankle, with some hard substance which had been thrown, projected, or propelled with such force and violence that it broke both of the bones in his leg?

"Second Question: (If you have answered the first question in the negative, you need not answer this second question; but if in the affirmative, you will answer.) Would the injury to plaintiff have occurred had he not been suffering from a disease or weakness of the bone, if any?"

And to both questions the jury answered, "Yes," and the jury having so found it is binding upon this court.

The ninth, tenth, eleventh, twelfth, and thirteenth assignments charge error in the refusal of special charges requested by defendant upon the same issues, and same are overruled for the reasons given next above.

[4, 5] The sixth assignment: "The court erred in rendering judgment against defendant upon the verdict of the jury, because there was no finding by the jury that the

disability of the plaintiff followed immediately after he sustained the injury; the evidence on such issue being conflicting." The by-laws of the association, art. III, § 1, provide: "Whenever a member of this association, in good standing, shall, through external, violent and accidental means, receive bodily injuries which shall, independently of all other causes, immediately and wholly disable him from transacting any and every kind of business pertaining to his occupation," etc., "he shall be paid," etc.

The exact point relied upon by appellant in this assignment of error was not raised upon the trial by exception to the charge of the court, or any special charge requesting it. Appellant contends that his request for special issues, 10 in number, under No. 7 thereof, raises the question; but there is nothing in the requested special No. 7 to direct the attention of the court to the question raised by assignment. Special issue No. 7, requested by the appellant: "Did plaintiff continue to pursue his occupation of traveling salesman after sustaining the injury at San Antonio? If you answer in the affirmative, state for what length of time," etc. This does not raise the question of "immediately and wholly," but simply, Did plaintiff continue to pursue his occupation after sustaining the injury? The verdict of the jury in response to the special issues submitted found that both bones of the leg were broken on February 15th. The plaintiff's testimony was to the effect that immediately after the injury he began treatment; had the porter to carry his valise from ticket window into the train, etc. Under all the testimony the court could have directed the jury as to this question; besides, the article of the by-laws quoted should not be given such a strict and limited construction as contended for by appellant. Overruled.

The appellant, by seventh assignment, having raised the same question as by the sixth, the same is overruled for the same reason.

The fourteenth and fifteenth are disposed of by what is said under fifth assignment above.

[6] The sixteenth assignment complains that the court erred in refusing to submit to the jury special issue No. 6, requested by defendant, as follows: "Did plaintiff fail to use ordinary diligence in caring for his leg, after he was advised by Dr. Shields that the tibia of his leg was broken?"

There is no testimony upon which to base such a special issue. On the other hand, the undisputed testimony is that plaintiff began immediately to apply remedies, and that two days after the injury Dr. Shields was called in and began treatment, and that later Dr. Knox, the physician for the association, had charge of the case and treated it, or was in a position to treat it, if necessary, until final recovery.

Plaintiff testifies that Dr. Shields instructed him to keep off of his leg and that he did so to the best of his ability; did not walk on it afterwards, except by the use of crutches, which the physician got for him. The testimony being undisputed did not require the court to submit the question to the jury.

[7] The eighteenth assigns error in everruling defendant's objection and permitting Dr. Nosworthy to testify that if a rock thrown struck the leg suddenly it would, in his opinion, cause the fracture.

The nineteenth complains that the court erred in permitting plaintiff, over defendant's objection, to testify that it was not his intention to deceive the association in his answer to certain question in application for membership. Modern Order of Prætorians v. Hollmig, 100 Tex. 623, 103 S. W. 476.

And the twentieth charges error upon the part of the court in permitting plaintiff to testify, over the objections of defendant, that his family consisted of wife, son, and daughter.

If the court erred in its rulings on the three next above propositions, it was not such as was calculated to cause and probably did cause the rendition of an improper judgment, as provided by rule 62a, Courts of Civil Appeals (149 S. W. x).

We find that the judgment of the lower court should be affirmed, and it is so ordered. .