CAPPS et al. v. CITY OF LONGVIEW.
(No. 1494.)

(Court of Civil Appeals of Texas. Texarkana. June 21, 1915. Rehearing Denied July 1, 1915.)

APPEAL AND ERROR ☞1033—PERSONS ENTITLED TO COMPLAIN.

That the judgment awarded to the plaintiff city, as a part of one street, less land than the jury found to be a part of it, was not a reason why it should be set aside at the instance of defendants.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4052–4062; Dec. Dig. ☞1033.]

Appeal from District Court, Gregg County; W. C. Buford, Judge.

Action by the City of Longview against Mrs. Margie Capps and others. Judgment for plaintiff, and defendants appeal. Affirmed.

See, also, 122 S. W. 427.

F. B. Martin, of Longview, for appellants. M. L. Cunningham, of Longview, for appellee.

WILLSON, C. J. Appellants owned land south of and abutting on Marshall street and west of and abutting on another street in the city of Longview. Appellee claimed that appellants in fencing said land had encroached upon and inclosed with it a part of said Marshall street and all of the street abutting on same on the east. Appellee was the plaintiff below and by its suit sought to compel appellants to remove their fence from said streets, to restrain them from interfering with its officers and agents if they undertook to remove same, and further restrain appellants, after the fence was removed, from ever again so reconstructing same as to obstruct any part of said streets. This appeal is from a judgment in favor of appellee. There is no statement of facts with the record.

There is only one assignment. It is as follows:

"The judgment is contrary to the law, in this: That it gives property of the defendants, appellants, that the plaintiff, appellee, did not sue for nor plead any right, title, or interest in same, in this: That plaintiffs plead that the true north line, in their pleadings most favorable to them as to Marshall avenue, begins two feet south of the northeast corner, or where the fence is located at the northeast corner; thence

S. 75° W. 400 feet; thence continues on to the northwest corner to a point 10 feet south of the present location of the fence. First, the judgment grants to the plaintiff (as a part of Marshall street) a strip of land 28 feet by 400 feet more than they claimed in their petition, and for 267 feet by 28 feet to a point west 20 feet more than the plaintiff claimed in their petition, and off the east end of defendants' property a street of the width of 25 feet not prayed for nor pleaded for by the plaintiff, and by reason of such the property of the defendants has been unlawfully appropriated by said judgment for public use and without compensation and is a confiscation of property without due process of law of the land for public use."

It appears from appellee's pleading that its complaint as to Marshall street was that the north line of the fence inclosing appellants' tract of land had been so constructed as to include a part thereof two feet wide and 400 feet long, and another part thereof 257 feet long, 2 feet wide at one end, and broadening until it was 20 feet wide at the other end; and that its complaint as to the other street was that the east line of said fence had been so constructed as to include a part thereof 30 feet wide where it abutted on appellants' land. We are unable to say from an inspection of the judgment that it does not conform, in the particulars complained of, to the pleadings referred to. Therefore the contention is overruled.

The case was submitted to the jury on special issues. Their findings, had there been pleadings to support same, would have authorized a judgment determining that appellants had a part 28 by 667 feet of Marshall street inclosed. Appellants' complaint indicates that they have confused the findings of the jury with the judgment of the court. That the judgment awarded to appellee as a part of Marshall street less land than the jury found was a part of it is not a reason why same should be set aside at the instance of appellants.

No error in the judgment having been pointed out, it is affirmed.