GALVESTON, H. & S. A. RY. CO. v. STATE.
(No. 7310.)

(Court of Civil Appeals of Texas. Galveston.
March 23, 1917. Rehearing Denied
April 12, 1917.)

1. TRIAL ⚖️➡️133(3)—ARGUMENT OF COUNSEL—
ACTION BY COURT.

It is enough that the court sustains objections to remarks of counsel in argument, and stops him; it not appearing request was made to instruct the jury to disregard them.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 316.]

2. RAILROADS ⚖️➡️254(6) — WATER-CLOSETS —
REASONABLE DISTANCE — QUESTION FOR
JURY.

Whether within Rev. St. 1911, arts. 6592, 6594, requiring railroads subject to a penalty to maintain water-closets within a reasonable and convenient distance from each depot, distance is reasonable and convenient, is a question for the jury under the particular circumstances shown.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 772.]

3. EVIDENCE ⚖️➡️515—EXPERT OPINIONS—REA-
SONABLE DISTANCE.

Whether water-closets are within a reasonable and convenient distance of a depot, as required by Rev. St. 1911, art. 6592, is not a subject for expert opinion.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2324.]

4. RAILROADS ⚖️➡️254(6) — WATER-CLOSETS —
REASONABLE DISTANCE — SUFFICIENCY OF
EVIDENCE.

Evidence held to support finding by jury that water-closets were not within reasonable and convenient distance of depot.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 772.]

5. RAILROADS ⚖️➡️226—WATER-CLOSETS—REA-
SONABLE DISTANCE—EXCUSE.

Mere fact that nearer location of water-closets to depot might be objectionable on other grounds does not relieve a railroad of its positive duty under Rev. St. 1911, art. 6592, to have them within a reasonable and convenient distance.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 740.]

6. TRIAL ⚖️➡️239 — INSTRUCTIONS — INDUCING
COMPROMISE.

Instruction in an action for the penalty of $50 a week, imposed by Rev. St. 1911, art. 6594, for failure to maintain water-closets within a reasonable and convenient distance of a depot, that, if the jury find defendant so failed for 322 weeks, or any number of weeks, they will find for plaintiff for any number of weeks not exceeding 322 at $50 a week, or in such sum as they find plaintiff entitled to recover, not exceeding $16,000, is not reasonably calculated to induce a compromise.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 557–560.]

7. APPEAL AND ERROR ⚖️➡️1033(9)—HARMLESS
ERROR—AMOUNT OF VERDICT.

Defendant may not complain that the recovery against it is less than might have been found under the undisputed evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4061.]

Error from District Court, Fayette County;
Frank S. Roberts, Judge.

Action by the State against the Galveston,

Harrisburg & San Antonio Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

C. D. Krause, of La Grange, and Lane, Wolters & Storey and Baker, Botts, Parker & Garwood, all of Houston, for plaintiff in error. E. H. Moss, of La Grange, for the State.

GRAVES, J. The state of Texas, through her county attorney of Fayette county, brought this suit under and by virtue of Revised Civil Statutes, arts. 6592 and 6594, in the district court of that county, against the Galveston, Harrisburg & San Antonio Railway Company, plaintiff in error here, to recover a total of $16,100 in penalties for its alleged failure, neglect, and refusal, for a period of 322 weeks, beginning with September 12, 1909, and terminating with the filing of the second amended petition, November 22, 1915—

"to construct and maintain, at its passenger depot at Flatonia, Fayette county, Tex., or in connection therewith, or within a reasonable and convenient distance therefrom, suitable and separate water-closets or privies for either male or female persons, at its passenger station and passenger depot on its line of railway at Flatonia, Fayette county, Tex., and for the accommodation of its passengers who are received and discharged from its cars thereat, and of its patrons and employés who have business with said defendant company at such station and passenger depot at Flatonia, in Fayette county, Tex."

After demurrers and denials, plaintiff in error further specially pleaded that it for many years had and maintained water-closets and privies for both male and female persons at its station and depot at Flatonia, Tex., and in connection with said depot, and within a short and accessible distance from said passenger station and depot at Flatonia, and that it did, and does now, in all respects, comply with all of the laws of this state relating thereto, and that said water-closets meet all of the demands within reason of all of its patrons, passengers, and employés.

Trial was had before a jury, who found the railway company "guilty for the sum of $5,000 for not having their closets at a convenient place." The court accordingly entered judgment for $5,000 in favor of the state of Texas against the plaintiff in error. From that judgment this appeal is taken, and the case is properly brought to this court by this writ of error.

Before discussing the assignments of error we set out paragraphs 2 and 3 of the court's general charge, and its special charge No. 2, given at the request of the railway company, as follows:

"(2) If you find from a preponderance of the evidence that the defendant, the Galveston, Harrisburg & San Antonio Railway Company, failed and neglected to maintain, at its station or depot, or within its passenger depot, or in connection therewith, or within a reasonable and

convenient distance therefrom, suitable and separate water-closets or privies for male and female persons, at its said passenger station at Flatonia, Fayette county, Tex., for a period of 322 weeks, or any number of weeks that you may find, if you find that the defendant railway company failed and neglected to construct and maintain such water-closets or privies, then you will find a verdict in favor of the plaintiff, the state of Texas, for any number of weeks not to exceed 322 weeks at $50 per week, or in such sum as you may find the state is entitled to recover, not to exceed $16,000, and so state in your verdict; and, if you do not find from a preponderance of the evidence, you will find for the defendant.

"(3) If you find from the evidence that the defendant railway company had constructed and maintained suitable and separate water-closets or privies for both male and female persons within a reasonable and convenient distance from its passenger station and depot at Flatonia, Fayette county, Tex., you will find for the defendant."

"The defendant requests the court to charge the jury as follows: 'You are instructed that, as the law of this case, according to the undisputed testimony, the defendant has maintained and constructed suitable and separate closets or privies for male and female persons near its passenger station at Flatonia, Tex., and has maintained the same since September 12, 1909, and the only question for you to determine in this case is whether or not it has constructed and maintained the same within a distance reasonable and convenient to its patrons and employés, and if you find it to be within a reasonable and convenient distance from such station, you will find for the defendant.' "

Under these charges the only question of fact thus submitted to and tried before the jury was whether or not the toilet was within a reasonable and convenient distance from the depot. Paragraph 2 of the general charge quoted, in effect, practically embodied the full provisions of the statute (art. 6592); but plaintiff in error's said requested charge No. 2 restricted the jury's inquiry to the one fact issue just stated. The jury having determined that fact issue against it, plaintiff in error, under appropriate assignments, complains: First, of the court's refusal to instruct a verdict for it, because of the claimed insufficiency of the evidence to support the verdict for the state; second, that said paragraph 2 of the court's general charge might have and did induce the jury to compromise, and to render against it a compromise verdict, which it would not otherwise have done.

[1] Complaint is also made under the fifth assignment of the overruling of its motion for new trial, because of certain remarks of counsel for the state to the jury in arguing the case. We think there is no prejudicial error shown in this respect, because the first bill of exceptions, relating to part of these remarks, shows that upon objection and exception to these remarks at the time made the court sustained it and instructed the jury to disregard the same; while in the second and third bills of exception, relating to the other parts of the complained of remarks, it is shown that the court promptly sustained the objection to the remarks when made, and stopped the county attorney from making use of such language, and it does not appear that any request was made of the court to instruct the jury in writing to disregard said latter remarks. Accordingly the fifth assignment is overruled.

[2, 3] The duty imposed upon the railway company under this statute is a positive one, and it has been held that it is a penal statute, and that the rules governing the construction of penal statutes are applicable to it. State v. T. & P. Ry. Co., 143 S. W. 223. Furthermore, it contains no restriction upon the right of the jury to determine from all the facts and circumstances in evidence, just as they may the fact issues in any case, the question of whether or not the closet was within a reasonable and convenient distance from its depot; in other words, it is left for the jury to say what is and what is not a reasonable and convenient distance under the particular circumstances shown; nor was the nature of the inquiry such that it called for the opinions of experts, but it could be and was properly left to the judgment of ordinary intelligence. Radam v. Capital Microbe Destroyer Co., 81 Tex. 122, 16 S. W. 990, 26 Am. St. Rep. 783; Shelley v. Austin, 74 Tex. 608, 12 S. W. 753; Kennedy v. Upshaw, 66 Tex. 442, 1 S. W. 308; Galveston, etc., Ry. Co. v. Sweeney, 6 Tex. Civ. App. 173, 24 S. W. 947; Cooper v. State, 23 Tex. 331; Locke v. Ry. Co., 25 Tex. Civ. App. 145, 60 S. W. 314; Ry. Co. v. Kuehn, 2 Tex. Civ. App. 210, 21 S. W. 58.

This being true, and the jury having found that the distance here involved was not a reasonable and convenient one, it follows that such verdict cannot be disturbed upon appeal, unless: (1) It may be said as a matter of law that there was no evidence to support it; or (2) that the verdict is so manifestly against the great weight and preponderance of the evidence as to lead to the conclusion that the jury was influenced by an improper motive (Railway Co. v. Rowell, 45 S. W. 763; Ry. Co. v. Holland, 27 Tex. Civ. App. 397, 66 S. W. 68; T. & P. Co. v. Lee, 32 Tex. Civ. App. 23, 74 S. W. 345); or (3) unless this court shall be of opinion that the errors complained of in the court's charge amounted to such denial of the rights of the plaintiff in error as was reasonably calculated to cause, and probably did cause, the rendition of that character of improper judgment against it of which it is in position to complain.

[4, 5] It is our conclusion that no one of these contingencies obtains here. The evidence was uncontradicted, and was not limited, as the railway company contends, to proof of the mere distance of the closet from the depot. In addition to this, the immediate surroundings and conditions and uses of the property for a block or more each way on both east and west sides of the depot were shown, by photographs from different viewpoints, and otherwise. The size of the town, its condition with reference to

lack of sewerage, and the relative uses of the ground and streets adjacent to the depot and of open spaces around the depot, were likewise shown. As to distance alone, it was shown that the closet was located on the west side of the depot 148 yards or steps from its nearest corner and 159 yards or steps from its waiting room for whites; that between the closet and depot Penn avenue, an 80-foot street, and the most frequented passageway and thoroughfare in the town, intervened and crossed, north and south, the railway tracks, upon both sides of which the business houses and other parts of the town lay; that between Penn avenue and the closet on the west, and between that avenue and the depot·on the east, there were open places about equal in extent, which, together with the 80 feet of Penn avenue, made up the above-mentioned 148 yards or steps. Nor do we think, as the railway company contends, it was not shown to be practicable to locate the closet nearer the depot; upon the contrary, we think the evidence disclosed several such nearer places, upon one side or the other of Penn avenue, and no inhibition of any sort against putting it there was shown.

Even if it be conceded that such nearer locations might be more objectionable in some other respects, that alone would not relieve the railway company of the positive duty imposed by the statute of maintaining it within a reasonable and convenient distance for the accommodation of its passengers, and of its patrons and employés who have business at such station.

We, therefore, conclude that the evidence was not, as is contended by the railway company, such that reasonable minds could form no other inference or conclusion than that the closet, under the surroundings and conditions shown, was located within a reasonable and convenient distance, nor even that its great weight and preponderance was against the verdict, but that it amply supported the verdict reached by the jury, and all assignments raising this issue must necessarily be overruled. Cartwright v. Canode, 106 Tex. 502, 171 S. W. 696; Flynn v. Radford, 174 S. W. 902; Gonzales v. Adoue, 56 S. W. 543–548; Elwood v. W. U. Co., 45 N. Y. 549, 6 Am. Rep. 140, and note; Choate v. Railway Co., 90 Tex. 82, 36 S. W. 247, 37 S. W. 319.

[6, 7] This brings us to the further question of whether there was such error in the court's charge as was reasonably calculated to, and probably did, induce the rendition of such an erroneous and improper verdict as may be complained of by plaintiff in error. Our negative conclusion has already been indicated, and the reasons for it, we think, are plainly apparent.

At plaintiff in error's own instance, under its above-quoted requested charge No. 2, all other issues than the reasonableness and convenience of the distance of the closet from the depot had been eliminated, and the jury had been pointedly and specifically told that they could find against the railway company only in case they found this distance not reasonable and convenient, and further, affirmatively, that they must find for it if the distance was reasonable and convenient.

In support, however, of the second complaint, that paragraph 2 of the general charge induced the rendition of an improper verdict in that it was a compromise verdict, we are cited to the following authorities: Railway v. Johnson, 99 Tex. 337, 90 S. W. 164; Cornelison v. Railway Co., 46 Tex. Civ. App. 509, 103 S. W. 1186; Wootan v. Partridge, 39 Tex. Civ. App. 346, 87 S. W. 356; Sargent v. Lawrence, 16 Tex. Civ. App. 540, 40 S. W. 1075; Railway Co. v. Finklea, 155 S. W. 612; Railway Co. v. Byrd, 41 Tex. Civ. App. 164, 90 S. W. 185.

But, when the facts upon which each of those cases was determined are considered, they are found inapplicable to the case at bar. Those were each and all cases where the jury, after some continued deliberation, had been unable to agree upon a verdict, and had been after such failure further directly instructed by the court, in effect, that they might compromise in order to arrive at a verdict; but no such conditions exist here. There is no suggestion in this record of any contrariety of opinion among, or even of any discussion between, the jurors, nor that any one of them was in fact influenced in any manner to yield his individual views, and the unanimity of the verdict stands unquestioned. We do not think it can be successfully contended that the two charges here involved, when considered together, were reasonably calculated to and probably did induce the jury to find adversely to the railway company on the question of liability, because liability was made to depend upon the convenience and reasonableness of the distance, and upon that alone. If the actual distance shown by the undisputed evidence was convenient and reasonable, they were affirmatively left no alternative than to acquit the railway company. It was therefore not a case where the verdict did not accord with the theory upon which it was found, as in Willingham v. Brown, 163 S. W. at page 109, cited by plaintiffs in error, but one where merely the amount, returned in harmony with the only theory of the case submitted, and that at the special request of the railway company, was less than it might have been under the undisputed evidence.

To conclude under these circumstances that a compromise verdict was probably rendered would make it necessary to presume, without a scintilla of evidence upon which to base it, that the jury violated these last-mentioned specific instructions of the court that they must find for the plaintiff in error if they found the distance in question reasonable and convenient. No such presumption will

be indulged, and the mere fact that the verdict was for less than the jury might, under the undisputed evidence, have found against the railway company, being in its favor, is not a matter of which it is in position to complain.

Having thus concluded that it is not made to appear that any such error as the railway company is entitled to complain of was committed, all assignments are overruled, and the judgment of the trial court is in all things affirmed.

Affirmed.