INDEPENDENT ORDER OF PURITANS v. LOCKHART. (No. 981.)

(Court of Civil Appeals of Texas. El Paso. May 22, 1919.)

1. INSURANCE ⟨key⟩807—BENEFIT INSURANCE— NOTICE OF CLAIM—STATUTES APPLICABLE.

Vernon's Sayles' Ann. Civ. St. 1914, art. 5714, enacted in 1907, providing that stipulations limiting the time for giving notice of claim for damages to less than 90 days are void, and, like article 5713, as to agreements shortening the time for suit, being applicable to all contracts, applies to fraternal benefit associations, Vernon's Ann. Civ. St. 1914, art. 4830, enacted in 1913, providing that no insurance law thereafter enacted shall apply to them, being inapplicable as article 5714 is a prior existing statute and not an insurance law.

2. INSURANCE ⟨key⟩787—BENEFIT INSURANCE— "ACCIDENT"—MEANING.

Where plaintiff was injured by dust blowing in his eyes while driving his wagon around a street corner on a spring day, during a high wind, prevalent in West Texas at such times, the cause of his injury was an "accident," being "an unusual effect of a known cause," and he was entitled to recover upon a benefit certificate carrying an accident clause.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Accident.]

Appeal from County Court, Taylor County; E. M. Overshiner, Judge.

Action by Walter H. Lockhart against the Independent Order of Puritans. From a judgment for plaintiff, defendant appeals. Affirmed.

Kirby & King, of Abilene, for appellant. Dallas Scarborough, of Abilene, for appellee.

HARPER, C. J. This is an appeal from a judgment for $125 in favor of appellee, Lockhart, against appellant, a fraternal benefit association, upon a benefit certificate carrying an accident clause.

The cause was filed in justice court for $150. Judgment was there rendered for defendant. Appealed to the county court. Tried without a jury, and judgment rendered as above indicated, from which it has been brought here for review upon appeal.

The defense pleaded was general denial, and that plaintiff failed to give notice of the accident within seven days thereafter, as required by the terms of the policy.

[1] The court found as a fact that the pol-

icy provided that notice should be given as pleaded, and that the accident occurred March 22d, and that notice was not given until June 4th. By the first assignment it is contended that plaintiff cannot recover because the notice was not given as required by the terms of the policy. Article 5714, Vernon's Sayles' Civil Statutes of Texas, provides that—

"No stipulation in any contract requiring notice to be given of any claim for damages as a condition precedent to the right to sue thereon shall ever be valid, unless such stipulation is reasonable; and any stipulation fixing the time within which such notice shall be given at a less period than ninety days shall be void." Enacted Acts 1907 (title 87, c. 3, applicable to general provisions of limitations).

Appellant contends that this statute does not apply to fraternal benefit associations by reason of article 4830, Vernon's Sayles' Ann. Civil Statutes, which reads:

"Except as herein provided, such societies shall be governed by this act, and shall be exempt from all provisions of the insurance laws of this state, not only in governmental relations with the state, but for every other purpose, and no law hereafter enacted shall apply to them, unless they be expressly designated therein." Acts 1913, c. 113.

This court held that article 5713, tit. 87, c. 3, which declares as to agreements to shorten the time within which suits may be brought, applied to fraternal benefit associations because it was a law of limitation applicable to all contracts and agreements, and not strictly a law of insurance to which alone the statute invoked applied, in Trav. Ass'n v. Bosworth, 156 S. W. 346, and we think the same reasoning applies to this case as to notice under article 5714.

There is an expression in the case of United States Fidelity & Guar. Co. v. Pressler, 185 S. W. 326, which might be construed to mean that this statute of limitation (5714) did not apply to this class of insurance associations, but it is not an express holding to that effect, but the question under consideration was reasonable notice. So we shall not recede from our former holding.

This statute of limitations was in force and effect when the statute invoked was passed, and the statute invoked provides that no law hereafter enacted shall apply to them, so clearly this statute, being a prior one, does not apply to this class of insurance companies, unless it is an insurance law, and we are of the opinion that it is not such within the meaning of article 4830.

[2] By another assignment it is urged that—

"Because all the undisputed evidence in this case and in the record discloses that the cause of the injury was not an accident within the terms of the policy or within terms of law, in that the evidence shows the alleged results arose because of the dust from the street blowing in his eyes while he was driving his team in the usual course of his employment. The evidence further discloses that the day was not an unusual day for West Texas and the evidence disclosing that the normal condition of the weather of West Texas in the spring is high winds, accompanied with much dust."

"Accident" is defined to be "an event that takes place without one's foresight or expectation." "An event that is an unusual effect of a known cause, and therefore not expected." Ruling Case Law, vol. 14, § 418.

There is no statement of facts in this case, but the court has found:

"That plaintiff, while driving a wagon, turned the corner of a street during a very high wind, and that a gust of wind blew trash and dirt into the plaintiff's eyes, which resulted in plaintiff's total disability for more than 10 weeks, within the period of time of less than 12 months after the accident occurred.

"That in this country high winds during the months of March and April particularly are the rule instead of the exception, and frequently during the spring months the wind reaches a velocity of 25 to 45 miles an hour, and maintains that for 10 or 12 hours.

"That notwithstanding the prevalence of high winds during the spring months, citizens and people go about the streets, pursuing their usual avocation, without regard to the condition."

It is not the fact of "getting dust in plaintiff's eyes," as argued by appellant, that is the basis of this accident, but the "unusual effect of the known cause," and there is no finding that injury to the eyes was the usual and to be contemplated effect of blowing of sand into them; and, if there was any evidence to that effect, it is not before us in the absence of a statement of facts.

The assignments are therefore overruled, and cause affirmed.