## INDEPENDENT ORDER OF PURITANS v. MANLEY. (No. 1080.)

(Court of Civil Appeals of Texas. El Paso. March 11, 1920. On Rehearing, April 8, 1920.)

1. **Insurance** ⊂⊃807—**Requirement of notice of claim under health certificate within seven days void.**

A requirement that insured in a health insurance certificate should give notice of his claim within 7 days after his disability accrues, and within 30 days after recovery, is void.

2. **Judgment** ⊂⊃256(1)—**Must conform to verdict.**

A judgment must conform to the verdict.

3. **Appeal and error** ⊂⊃1151(3)—**Judgment may be corrected to conform to verdict.**

Under Rev. St. 1911, art. 1626, a judgment in an amount less than that allowed by verdict may be corrected on appeal without remanding cause for retrial.

4. **Costs** ⊂⊃238(2)—**Appellant to pay costs on correction as to matters not called to attention of trial court.**

Where the fact that the judgment did not conform to the verdict of the jury was not called to the attention of the trial judge, and a party appeals, assigning such matter as error, and the judgment is corrected upon appeal, costs of appeal will be taxed against the appellant.

### On Rehearing.

5. **Appeal and error** ⊂⊃878(1)—**Judgment not reformed in favor of appellee not filing cross-assignments.**

The appellate court will not reform a judgment in favor of an appellee who has sued out no cross-appeal nor filed cross-assignments of error.

6. **Appeal and error** ⊂⊃1033(8)—**No complaint of favorable error.**

A party cannot complain on appeal that the judgment against him does not conform with the verdict, where it is for a less amount than the verdict.

Appeal from Taylor County Court; E. M. Overshiner, Judge.

Action by Walter D. Manley against the Independent Order of Puritans. Judgment for plaintiff, and defendant appeals. Affirmed.

Kirby, King & Keeble, of Abilene, for appellant.

C. H. Fulwiler, of Breckenridge, for appellee.

HIGGINS, J. Appellee, Manley, brought this suit against appellant upon a health insurance certificate seeking to recover for a total disability for a limited period of time and for subsequent partial disability for a limited period of time.

By special pleas the defendant set up the failure of the appellee to give notice of his claim within 7 days after his disability accrued and within 30 days after his recovery. Appellee excepted specially to appellant's plea of failure to give such notice which exceptions were by the court sustained. The case was tried before a jury, which rendered a verdict as follows:

"We, the jury, find for the plaintiff in this case for

| | |
|---|---|
| Total disability | $133⅓ |
| And for partial disability | 120 |
| Total | $253⅓" |

[1] Upon the verdict judgment was rendered in favor of appellee for the sum of $153.33⅓, with 6 per cent. interest thereon from June 1, 1918. The action of the court in sustaining the exception to the answer is first assigned as error. This question is ruled by the previous decisions of this court in Independent Order of Puritans v. Lockhart, 212 S. W. 559, and Insurance Co. v. Bosworth, 156 S. W. 346. Upon the authority of these cases the assignment is overruled.

[2, 3] It is next assigned as fundamental error that the judgment in this case does not conform to the verdict rendered in that the verdict is for the sum of "$253⅓" and the judgment rendered by the court is for the sum of $153.33⅓. The proposition advanced is that the judgment of the court must conform to the verdict of the jury. This contention is well taken. The court should have rendered a judgment for $253.33. The judgment rendered was for a less amount than what it should have been, and we fail to see why the appellant should complain of it. However, the judgment is erroneous in the particular complained of, and, since appellant assigns the error and complains thereof, it is the duty of this court to correct the same and render the proper judgment upon the verdict. See article 1626, R. S.

It is next assigned as fundamental error that the court erred in allowing interest from June 1, 1918, when the verdict of the jury did not find for any interest whatever. This also is a matter which this court may correct.

Upon the two errors assigned as fundamental the judgment of the court below is reversed, and judgment here rendered in favor of the appellee for the sum of $253.33, with interest thereon from the date of the judgment in the court below, to wit, February 28, 1919, at the rate of 6 per cent. per annum.

[4] In view of the fact that the errors indicated were in no wise called to the attention

---

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of the court below and are here presented for the first time, it is deemed proper that the costs of this appeal should be taxed against the appellant. Had the matter been brought to the attention of the lower court, no doubt it would have been there corrected. Wetmore v. Woodhouse, 10 Tex. 33.

Reversed and rendered as indicated, and costs of appeal taxed against appellant.

### On Rehearing.

Appellant insists that this court is without authority to reverse and render judgment which would conform to the verdict returned, but must necessarily remand the case for retrial. Under article 1626, R. S., and the decisions, we think it very clear that this court may reverse and render judgment in conformity with the verdict, and need not remand for retrial unless there is some other error presented which necessitates such retrial. Arno, etc., v. Pugh (Com. App.) 212 S. W. 470; Railway Co. v. Harrell, 194 S. W. 971; Gose v. Coryell, 59 Tex. Civ. App. 504, 126 S. W. 1164; Delaune v. Irr. Co., 60 Tex. Civ. App. 452, 128 S. W. 174.

[5, 6] Appellant further insists that the appellate court will not reform a judgment in favor of an appellee who has sued out no cross-appeal nor filed cross-assignments of error. As a general proposition the correctness of this rule is not to be questioned. This court did not reverse and render the judgment which should have been rendered upon the verdict for the purpose of affording proper relief to appellee. It was done because appellant assigned error and complained of the failure of the court to render the judgment which properly should have been rendered. Having assumed such an attitude, the appellant is in no position to question the action of this court in correcting the error of which it complained and which could be here corrected. But manifestly, in urging that assignment, appellant did not intend that it should operate to its prejudice, but proceeded upon the mistaken view that it would require a remand of the case for retrial. And, since the appellee has filed no cross-assignment in respect to the error, we have concluded that it is best to simply apply the well-settled rule that an appellant may not complain of errors in his favor, and that such errors are not reversible. Smith v. Hessey, 134 S. W. 256, is directly in point. In that case it is said:

"However, appellant construes the findings of the jury as fixing the inventory value of loans at $5,068.89, and their market value at 25 per cent. above this amount. If this be true, the court has erred in its judgment on said item to the amount of $1,267.17 in favor of appellant. Appellee does not complain of this action of the court. Can appellant be heard to do so? We think not. In order for an appellant in any case to require of this court a reversal of a judgment, he must show that an error has been committed which, at least probably, re-

sulted in his injury. If any error was committed by the court in this matter, it not only did not probably result in an injury to him, but assuredly resulted to his benefit."

A similar ruling was made in Capps v. City of Longview, 178 S. W. 730. And it has been several times held that an appellant cannot complain that the evidence entitled the adverse party to a greater recovery. Smith v. Development Co., 195 S. W. 220; Railway Co. v. State, 194 S. W. 462; Lumber Co. v. Stewart, 148 S. W. 1193.

Motion for rehearing is granted in part, and judgment now rendered in appellee's favor for $153.33, with interest thereon from February 28, 1919, at rate of 6 per cent. per annum. All costs taxed against appellant.